**SCHNEIDER, SMELTZ, RANNEY & LaFOND, P.L.L., Appellee,**

v.

**KEDIA, Appellant.**

[Cite as *Schneider, Smeltz, Ranney & LaFond, P.L.L.*
*v. Kedia,* 154 Ohio App.3d 117, 2003-Ohio-4567.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82349.

Decided Aug. 28, 2003.

118

Reminger & Reminger Co., L.P.A., George S. Coakley and Christina M. Royer; Schneider, Smeltz, Ranney & LaFond, P.L.L., Thomas J. LaFond and James D. Vail, for appellee.

Novak, Robenalt, Pavlik & Scharf, L.L.P., William J. Novak and Eric Thompson, for appellant.

KENNETH A. ROCCO, Administrative Judge.

{¶ 1} Defendant-appellant, Kalish Kedia, M.D., appeals from common pleas court orders granting judgment for plaintiff-appellee, Schneider, Smeltz, Ranney & LaFond, P.L.L. ("the firm"), on the firm's claim to recover legal fees, and granting summary judgment for the firm on Kedia's counterclaim for legal malpractice. Kedia argues that the court erred by entering summary judgment on his malpractice claim, by overruling his objections at trial to plaintiff's counsel's efforts to refresh a witness's recollection, and by awarding interest on the judgment in favor of the firm. For the following reasons, we affirm.

## Facts and Proceedings Below

{¶ 2} The firm filed this action against Kedia on June 25, 2001, seeking judgment on an account stated for legal services rendered to Kedia from April 1995 to January 1998. The complaint stated alternate claims for breach of an oral contract and for unjust enrichment. The firm sought judgment on these claims in the amount of $33,042.26 plus interest from February 11, 1998.

{¶ 3} Kedia answered and counterclaimed, contending that the firm negligently performed legal work for him "because of the amount he was obligated to pay in the settlement agreement" the firm negotiated on his behalf in a domestic relations matter. The firm's reply denied this assertion and alleged, among other things, that Kedia's claim was barred by the statute of limitations and that he was estopped from asserting his claim or had waived it.

{¶ 4} The firm moved for summary judgment with respect to Kedia's counterclaim. The court overruled this motion, and the case proceeded to trial. In preparation for trial, the firm moved the court in limine to exclude testimony that contradicted the written terms of the settlement agreement. The court granted this motion. At trial, the firm then asked the court to reconsider its order denying summary judgment on the counterclaim, in light of its ruling on the

motion in limine. The court did so and granted summary judgment for the firm. The court conducted a bench trial on the firm's claim for legal fees.

{¶ 5} At trial, attorney Thomas J. LaFond testified as to the time that he and other attorneys expended in representing Kedia. The firm was not permitted to introduce into evidence internal time-keeping records it used for billing, but these records were used to refresh LaFond's recollection as to the amount of time he devoted to Kedia's legal matters and the other personnel in his office who assisted him.

{¶ 6} After the trial, the court entered final judgment for plaintiff in the amount of $33,042.46 plus statutory interest from September 24, 1997. This appeal followed.

### Law and Analysis

{¶ 7} Kedia first argues that the court erred by entering summary judgment for the firm on his counterclaim. He asserts that the parol evidence rule does not bar his legal malpractice claim, that expert testimony was not necessary to the success of his claim, and that his claim was not barred by the statute of limitations. These are the three bases on which the firm had asserted that it was entitled to summary judgment.

{¶ 8} We review de novo the common pleas court's decision on summary judgment, employing the same standard the common pleas court used to determine whether summary judgment was appropriate. Summary judgment is appropriate only if (a) there is no genuine issue as to any material fact that remains to be litigated; (b) the moving party is entitled to judgment as a matter of law; and (c) viewing the evidence in the light most favorable to the party opposing the motion, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmovant. See, e.g., *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. The moving party bears the initial burden of demonstrating to the trial court the basis for the motion and identifying the parts of the record that demonstrate the absence of a genuine issue of material fact. Once the moving party has met this burden, the nonmovant must set forth specific facts demonstrating that a genuine issue of fact exists. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.

{¶ 9} In its motion for summary judgment, the firm argued that the parol evidence rule barred Kedia's claim. The parol evidence rule holds that a final written contract integrating all of the terms of the parties' agreement may not be varied, contradicted, or supplemented by evidence of prior or contemporaneous oral agreements or prior written agreements. *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 27, 734 N.E.2d 782. Kedia has not attempted to vary, contradict, or supplement the terms of the separation agreement. Instead, he claims that

the firm was negligent because the terms that it negotiated on his behalf were less advantageous than those to which he told his attorney he would agree. Thus, in effect, Kedia wishes to hold his attorney responsible for his agreement to terms different from those to which he told the attorney he would agree. We agree with Kedia that the parol evidence rule does not affect this claim against the firm.

{¶ 10} Nevertheless, the integration clause of the separation agreement and the other evidence presented with the summary judgment motion do demonstrate that there was no genuine issue of material fact for trial. "[T]o establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 427, 674 N.E.2d 1164.

{¶ 11} "In many cases, an attorney will be faced with strategic choices, any one of which may lead to a favorable result for his client. An attorney must make an educated guess as to which course of action is most likely to succeed. The practice of law is not an exact science, however, and generally, when a client settles a claim, an attorney should not be subject to a client's malpractice claim in an effort to obtain additional monies as long as the attorney has made reasonable decisions in handling the case and represented his client competently." *DePugh v. Sladoje* (1996), 111 Ohio App.3d 675, 686, 676 N.E.2d 1231.

{¶ 12} Here, Kedia claims that the firm committed malpractice by asking him to sign a settlement agreement with terms different from those to which he told the firm he would agree. In his deposition testimony, Kedia stated that the firm sent him a copy of the separation agreement by facsimile transmission on July 20, 1997. He claimed that he signed this document without reading it and returned it to the firm via facsimile transmission. Two days later, a courier delivered the final page of an amended agreement, which he also signed and returned to the firm. He stated that, at the time, he was more concerned with the property division than with spousal support, and he did not ask the attorney what the spousal support provision said.

{¶ 13} The separation agreement which Kedia signed provides that "[e]ach party fully understands all the terms herein set forth, which terms represent and constitute the entire understanding between them, and each has read this Agreement and finds the same to be in accordance with his and her understanding, and each does hereby voluntarily execute this Agreement and affix his or her signature hereto in the presence of the witnesses indicated below."

{¶ 14} As a matter of law, the firm did not breach any duty to its client under these circumstances. There is no evidence that the firm had reason to believe that Kedia was relying on it to inform him of any terms which were different from those they had discussed. The firm gave him a copy of the agreement before he signed it so that he could evaluate the terms himself. At that time, Kedia affirmed that he had read the agreement and found it to be in accordance with his understanding. He cannot now contradict that statement to create a genuine issue of fact for trial. See, e.g., *Spatar v. Avon Oaks Ballroom,* Trumbull App. No. 2001–T–0059, 2002-Ohio-2443, 2002 WL 1012597, at ¶ 24.

{¶ 15} Accordingly, we affirm the judgment in favor of the firm on Kedia's counterclaim. This ruling renders it unnecessary for us to address Kedia's arguments regarding expert testimony and the statute of limitations.

{¶ 16} In his second assigned error, Kedia complains that the court abused its discretion by allowing the firm to use records that had been deemed inadmissible to refresh the recollection of an attorney-witness. Appellant contends that "it was painfully obvious" that the witness was not testifying from present independent knowledge. We disagree.

{¶ 17} In each instance, the attorney, LaFond, was asked whether he had a present recollection of the matter, and when he said he did not, he was asked whether internal firm records would refresh his recollection. He said that they would. He was then shown the document, after which he testified. Kedia contends that LaFond's present recollection actually was not refreshed and that he was basing his testimony on the writing rather than his present memory. However, LaFond never said that his recollection was not refreshed by his review of the documents. The fact that he had to look at the documents in order to refresh his recollection does not suggest that he had no independent recollection after the review; that is the very nature of present recollection refreshed. Consequently, we overrule the second assignment of error.

{¶ 18} Finally, Kedia complains that the court awarded prejudgment interest on the judgment for the firm. He cites Opinion 91–12 of the Board of Commissioners on Grievances and Discipline for the proposition that there must be an agreement with the client as to the time period beyond which interest will be charged, and the rate of interest. This opinion states that "[i]t is this Board's opinion that DR 2–106 of the Code does not prohibit an attorney from charging interest on a client's delinquent account. However, a lawyer as soon as feasible after employment should reach an agreement with the client, preferably in writing, as to the basis of the fee including whether or not interest will be

charged and the rate of interest. Interest charges must be in compliance with any applicable statutory requirements relating to interest rates and charges." This holding does not prohibit an attorney from charging interest on an overdue account, but only discourages the practice absent an agreement with the client.

■ {¶ 19} "[I]n a case involving breach of contract where liability is determined and damages are awarded * * *, the aggrieved party is entitled to prejudgment interest on the amount of damages found due * * *. The award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court." *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687, syllabus; see, also, *Reminger & Reminger Co., L.P.A. v. Fred Siegel Co., L.P.A.* (Mar. 1, 2001), Cuyahoga App. No. 77712, 2001 WL 210024. Therefore, the court could properly award prejudgment interest. Accordingly, we overrule the third assignment of error and affirm the common pleas court's judgment.

Judgment affirmed.

ANN DYKE and FRANK D. CELEBREZZE JR., JJ., concur.