[No. A129396. First Dist., Div. Four. July 22, 2011.]

REGINA M. THOMSON, Plaintiff and Appellant, v.
LEWIS L. CANYON et al., Defendants and Respondents.

**COUNSEL**

Steven Shunzo Miyake for Plaintiff and Appellant.

Sunderland | McCutchan, B. Edward McCutchan, Jr., and Michael Dennis Maloney for Defendants and Respondents.

**OPINION**

**SEPULVEDA, J.**—The seller of residential property sued her real estate agent and broker upon allegations that the agent failed to prepare proper documentation of the sale. The seller alleged that the sale was meant to "salvage" her home from foreclosure by conveying the property to an investor who would be paid $10,000 to clear the liens, then reconvey the home. The agent allegedly failed to memorialize the oral reconveyance agreement. The buyer purchased the property, refused the seller's demand for

reconveyance, and sold the property to a third party. The seller sued the buyer for fraud but lost at trial. The seller then brought this lawsuit against her real estate agent and broker, alleging negligence and breach of fiduciary duty.

The trial court granted defendants' motion for judgment on the pleadings (Code Civ. Proc., § 438) based on the statute of limitations (Code Civ. Proc., § 343) and the parol evidence rule (Code Civ. Proc., § 1856), and entered a judgment of dismissal. We reverse the judgment. We conclude that the breach of fiduciary duty cause of action is timely and that the parol evidence rule is inapplicable to the facts presented here. The parol evidence rule does not apply where, as here, extrinsic evidence is being offered not to reconstruct the parties' contractual obligations but to establish a third party's distinct obligations.

## I.  FACTS[1]

Plaintiff Regina M. Thomson owned a single-family home in San Francisco. Plaintiff experienced financial difficulties and, under threat of foreclosure, retained defendant real estate agent Lewis L. Canyon and his brokerage firm Keker Williams Realty around May 2004 to market and sell her property. At the time, plaintiff owed approximately $383,436 in principal on the mortgage. Defendant Canyon prepared a real estate advertisement listing plaintiff's home for sale at $545,000, its market value.

An investor, Thomas Harris, approached plaintiff and offered to "salvage" her home from foreclosure. Harris promised plaintiff that if she provisionally sold her home to him, he "would then pay off the liens, and reconvey the home back to plaintiff within six (6) months after close of escrow on his purchase, in exchange for plaintiff's promise to pay [Harris] the amount of the price [Harris] paid to pay down the liens" and an additional $10,000 fee. Plaintiff accepted the offer.

Plaintiff informed defendant Canyon and his brokerage firm of her arrangement with Harris "and instructed defendants in no uncertain terms to perform the necessary paperwork to implement, execute and broker this new arrangement with Thomas Harris." Plaintiff "requested on a number of occasions that defendant Canyon reduce Harris' promise to return the home to her into a writing. In response to each request, defendant Canyon repeatedly reassured her he would get something to her." Despite plaintiff's requests, "defendant

---

[1] Our statement of facts is based upon the pleadings, matters judicially noticed, and the parties' stipulated facts. (Code Civ. Proc., § 438, subd. (d).) For purposes of this appeal, we accept as true all material factual allegations in the operative second amended complaint. (*Shea Homes Limited Partnership v. County of Alameda* (2003) 110 Cal.App.4th 1246, 1254 [2 Cal.Rptr.3d 739].)

Canyon never provided a writing memorializing Thomas Harris' promise to reconvey the home back to plaintiff."

Defendant Canyon prepared a purchase agreement between plaintiff and Harris signed by the parties on May 17, 2004. The purchase price was $440,000, significantly less than the property's $545,000 market value. Escrow closed on the sale of plaintiff's house to Harris on June 22, 2004.

Harris did not reconvey the house to plaintiff and, in August 2004, "discontinued all communications with plaintiff." In November 2004, just months after acquiring the house from plaintiff, Harris sold it to a third party. The house sold for $580,000. After just five months of ownership, Harris received $140,000 more for the house than he paid.

Plaintiff sued Harris for fraud and related claims in San Francisco Superior Court. Plaintiff did not sue her real estate agent, Canyon. Harris did cross-complain against Canyon for equitable indemnity and contribution but dismissed the cross-complaint before trial. The court entered judgment for Harris in June 2008 following a bench trial. The court rejected the alleged oral reconveyance agreement as inconsistent with the written purchase agreement, and thus barred by the parol evidence rule. (Code Civ. Proc., § 1856.) The court also found unreasonable plaintiff's claimed reliance on an oral agreement that she sought, and failed, to have reduced to writing.

## II.  TRIAL COURT PROCEEDINGS

On July 29, 2008, plaintiff filed this lawsuit in Alameda County Superior Court against her real estate agent and broker. Plaintiff avers causes of action for breach of fiduciary duty and negligence upon the central allegation that defendant Canyon failed to memorialize Harris's promise to reconvey the house. Plaintiff also initially alleged that Canyon refused to testify at trial in her action against the buyer, causing her to lose the lawsuit.

Defendants demurred to the original complaint in October 2008. Defendants argued that they did not owe a fiduciary duty to plaintiff to support her claims against the seller at the prior trial, as she alleged, and that the negligence cause of action was barred by the two-year statute of limitations (Code Civ. Proc., § 339, subd. 1). The court ruled that the two-year statute of limitations was inapplicable to the facts alleged in plaintiff's complaint but sustained the demurrer with leave to amend with directions to clarify facts concerning the breach of duty asserted and the discovery of the breach.

Plaintiff filed a first amended complaint to which defendants also demurred, raising the statute of limitations and another defense. Defendants

argued that the causes of action accrued in June 2004, at the close of escrow, or in November 2004, when the buyer refused reconveyance and resold the property to a third party. Defendants maintained that plaintiff's action, filed over three years later in July 2008, was time-barred. Defendants claimed that plaintiff's breach of fiduciary duty cause of action was governed by the three-year statute of limitations for fraud (Code Civ. Proc., § 338, subd. (d)), and that the negligence cause of action was governed by a two-year statute of limitations (Code Civ. Proc., § 339, subd. 1).

In August 2009, the court ruled on the demurrer to the first amended complaint. The court sustained the demurrer to the first cause of action for breach of fiduciary duty, in part, with leave to amend. The court found that plaintiff had alleged sufficient facts regarding accrual of the cause of action in November 2004, when the buyer resold the property to a third party. The court applied the general four-year statute of limitations applicable to claims not governed by other statutes of limitations (Code Civ. Proc., § 343), rather than the three-year fraud statute of limitations advocated by defendants (Code Civ. Proc., § 338, subd. (d)). The court found that plaintiff's breach of fiduciary duty cause of action, initiated in July 2008 within four years of accrual of the cause of action, was timely. The court did, however, note a mistake in the pleading and directed plaintiff to correct it. The court overruled the demurrer to the second cause of action for negligence. Plaintiff filed a second amended complaint in August 2009 reasserting her claims for breach of fiduciary duty and negligence. Defendants answered the pleading in August 2009.

In September 2009, defendants moved for judgment on the pleadings based on the doctrine of collateral estoppel. (Code Civ. Proc., § 438.) The motion papers are vague but appear to argue that the issue of Canyon's negligence in the real estate transaction had already been adjudicated in plaintiff's prior lawsuit against the buyer and thus could not be relitigated. In January 2010, the court denied the motion finding, among other things, that the prior litigation concerned whether plaintiff could enforce an alleged oral reconveyance agreement at variance with the written purchase agreement and did not adjudicate the issue of defendants' alleged negligence in failing to memorialize the oral agreement.

A pretrial conference was commenced on April 16, 2010, and continued on April 23, 2010. At the continued conference on April 23, 2010, the parties filed a stipulated set of facts and also stipulated to the entry of certain documents. Defendants also made a second motion for judgment on the pleadings. (Code Civ. Proc., § 438.) Defendants argued that the causes of action were untimely and that the parol evidence rule prevented plaintiff from introducing evidence of an oral agreement predating the written purchase

agreement. Defendants argued that the causes of action accrued no later than May 2004 when the purchase agreement was signed, or June 2004 when escrow closed. Defendants argued that the action, which was filed in July 2008 (more than four years after either triggering event), was untimely under "any conceivable statute of limitations."

Plaintiff opposed the motion on substantive grounds, and also objected to reassertion of a statute of limitations defense previously adjudicated on demurrer. Judge Appel presided over all pretrial matters, including the demurrers and previous motion for judgment on the pleadings. Judge Appel acknowledged that the statute of limitations had been raised in previous proceedings but concluded that the present motion was based upon "a different record" because the parties had recently stipulated to a set of facts.

The trial court granted the motion for judgment on the pleadings based on the statute of limitations and the parol evidence rule. The court ruled that the causes of action were time-barred because they accrued no later than June 22, 2004, when escrow closed. The complaint was not filed until July 29, 2008, more than four years after the close of escrow. The court further determined that the purchase agreement between plaintiff and Harris was intended as a final and exclusive expression of their agreement and precluded plaintiff from introducing evidence of a separate oral agreement to reconvey the property after the purchase. (Code Civ. Proc., § 1856.)

The court entered judgment of dismissal on July 20, 2010. Plaintiff filed a timely notice of appeal on August 12, 2010.

## III.  DISCUSSION

Plaintiff raises several challenges to the judgment, both procedural and substantive. We discuss these matters in turn.

A.  *Any error in granting judgment on the pleadings on a basis previously raised and defeated on demurrer is not reversible error per se*

■ As a procedural matter, plaintiff contends that the court erred in considering the motion for judgment on the pleadings when defendants had previously demurred to the original and first amended complaints on statute of limitations grounds, the demurrers had been overruled on that basis, and there was no material change in the applicable law since the ruling on the demurrer. (Code Civ. Proc., § 438, subd. (g)(1).) Defendants respond that their motion for judgment on the pleadings was based on different facts— those stipulated by the parties at the pretrial conference. On a motion for judgment on the pleadings, a trial court may rely upon facts established

through party admissions. (*Evans v. California Trailer Court, Inc.* (1994) 28 Cal.App.4th 540, 549 [33 Cal.Rptr.2d 646].) Defendants maintain that the parties' stipulated facts created a new basis for challenging the pleading. Defendants refer to the parties' stipulations that any oral sell-back agreement between plaintiff and the buyer was made prior to the May 2004 purchase agreement, that any request by plaintiff to defendant Canyon for memorialization of the oral agreement occurred prior to that same date, and that escrow closed on June 22, 2004.

Plaintiff replies that these facts are not new but had been included in the pleadings that survived demurrer. There is some force to the argument. While the facts are more clearly stated in the stipulation than they are in the pleadings, the critical point that the oral agreement and request for memorialization predated the purchase agreement and the June 2004 close of escrow were, in fact, stated in the first amended complaint.

Nevertheless, even if the court erred in reconsidering its earlier rulings on demurrer, plaintiff is not entitled to automatic reversal of the judgment. Any procedural irregularity is not determinative of this appeal for two reasons. First, the judgment on the pleadings was based on the parol evidence rule, as well as the statute of limitations, and the parol evidence rule was not raised on demurrer and was thus a proper basis for the motion. Second, a judgment may not be set aside unless the challenged error results in a miscarriage of justice. (Cal. Const., art. VI, § 13.) Where, as here, a motion for judgment on the pleadings is granted based upon a question of law, there is no miscarriage of justice if the court's ruling on the legal merits is correct. (*People v. Edward D. Jones & Co.* (2007) 154 Cal.App.4th 627, 633–636 [65 Cal.Rptr.3d 130].) If the court was correct in finding plaintiff's lawsuit to be untimely, the case was properly dismissed and there was no miscarriage of justice. We also note that a trial judge may reconsider and correct erroneous orders independent of the statutory limitations imposed on reconsideration motions. (*In re Marriage of Barthold* (2008) 158 Cal.App.4th 1301, 1313–1314 [70 Cal.Rptr.3d 691].) This court has expressly held that "the California Constitution requires that in any case in which a trial judge reconsiders an erroneous order, and enters a new order that is substantively correct, the resulting ruling must be affirmed regardless of any procedural error committed along the way." (*Id.* at p. 1313.) The pertinent question therefore is whether the trial court's ruling was substantively correct.

B. *The court was incorrect in finding that the causes of action accrued at the close of escrow in June 2004 before plaintiff suffered any damages*

Plaintiff alleged that she retained defendants, a real estate agent and broker, to market and sell her property and instructed them to prepare the necessary

documents to memorialize her arrangement with Harris for the sale of her home and its reconveyance to her. Plaintiff further alleged that defendant agent independently confirmed the sell-back arrangement with Harris yet failed to prepare a document memorializing the arrangement. Defendants prepared only a purchase agreement that did not mention the promised reconveyance. Escrow closed in June 2004. Harris discontinued communications with plaintiff in August 2004, and resold the property to a third party in November 2004. Plaintiff alleged that defendants were negligent and breached their fiduciary duty, and that she accrued damages from their negligence and breach when Harris resold the property. Plaintiff filed her lawsuit against defendants in July 2008.

■ Civil actions are governed by statutes of limitations that dictate the time period within which a cause of action may be commenced. (Code Civ. Proc., § 312.) Various statutes of limitations apply to different causes of action. (See Code Civ. Proc., § 315 et seq.) For all statutes of limitations, the statute begins to run when the "cause of action accrues." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 [27 Cal.Rptr.3d 661, 110 P.3d 914].) "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' " (*Ibid.*)

■ "The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 483 [80 Cal.Rptr.2d 329].) ■ The elements of a cause of action for professional negligence are failure to use the skill and care that a reasonably careful professional operating in the field would have used in similar circumstances, which failure proximately causes damage to plaintiff. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 698–699 [91 Cal.Rptr.2d 844]; CACI No. 600.) ■ Where, as here, "damages are an element of a cause of action, the cause of action does not accrue until the damages have been sustained. [Citation.] 'Mere threat of future harm, not yet realized, is not enough.' [Citation.] 'Basic public policy is best served by recognizing that damage is necessary to mature such a cause of action.' [Citation.] Therefore, when the wrongful act does not result in immediate damage, 'the cause of action does not accrue prior to the maturation of perceptible harm.' " (*City of Vista v. Robert Thomas Securities, Inc.* (2000) 84 Cal.App.4th 882, 886 [101 Cal.Rptr.2d 237].) "A breach of a professional duty causing only nominal damages, speculative harm, or the threat of future harm that is not yet realized does not suffice." (Rylaarsdam & Turner, Cal. Practice Guide: Civil Procedure Before Trial, Statutes of Limitations (The Rutter Group 2009) ¶ 4:1542 (Rylaarsdam).)

Where the facts are undisputed, the accrual of a cause of action may be determined as a matter of law. (*Adams v. Paul* (1995) 11 Cal.4th 583, 586 [46

Cal.Rptr.2d 594, 904 P.2d 1205].) The facts are undisputed here, and establish that plaintiff did not suffer any injury from defendants' alleged malfeasance until the buyer Harris refused reconveyance—possibly in August 2004 when Harris discontinued communications with plaintiff and certainly by November 2004 when he sold the property to a third party.

The trial court found that the causes of action accrued in June 2004, at the close of escrow. On appeal, defendants make little effort to defend this finding but rely instead on the argument that the action is untimely under shorter limitations periods than the one applied by the court. We, too, are unable to endorse the trial court's view that the causes of action accrued at the close of escrow in June 2004. It is true, of course, that any *breach* of fiduciary duty or *negligence* from defendants' failure to memorialize the sell-back agreement occurred no later than June 2004, when escrow closed without any documentation of the agreement. But plaintiff was not immediately *damaged* by the missing memorialization. Harris may have honored the oral agreement and reconveyed the property to plaintiff, in which case she would have suffered no harm from defendants' failure to document the parties' agreement. Plaintiff's damage occurred when reconveyance was refused. We next consider which statute of limitations applies.

### C. *Different statutes of limitations apply to the different causes of action*

Plaintiff seems to argue that a single statute of limitations applies to her lawsuit, despite the fact that she avers two separate causes of action. Defendants argue that different statutes of limitations apply to the separate causes of action for negligence and breach of fiduciary duty. Defendants are correct on this point.

At the outset, we note that " '[a] breach of fiduciary duty is a species of tort distinct from a cause of action for professional negligence.' " (*Slovensky v. Friedman* (2006) 142 Cal.App.4th 1518, 1534 [49 Cal.Rptr.3d 60].) We also note that a plaintiff is generally permitted to allege different causes of action—with different statutes of limitations—upon the same underlying facts. (See *Glue-Fold, Inc. v. Slautterback Corp.* (2000) 82 Cal.App.4th 1018, 1021 [98 Cal.Rptr.2d 661] [considering whether three different statutes of limitations had run for three causes of action based on same wrong]; *Wilshire Westwood Associates v. Atlantic Richfield Co.* (1993) 20 Cal.App.4th 732, 743–744 [24 Cal.Rptr.2d 562] [statutes of limitations had run as to some, but not all, causes of action in connection with soil contamination on buyer's property].) A complaint may allege facts involving several distinct types of harm governed by different statutory periods and, where it does so, one cause of action may survive even if another cause of action with a shorter limitations period is barred. (*Schneider v. Union Oil Co.*

(1970) 6 Cal.App.3d 987, 991–992 [86 Cal.Rptr. 315]; Rylaarsdam, *supra*, ¶ 2:50.) Our task, therefore, is to determine the statutes of limitations applicable to these separate causes of action, and the timeliness of the causes of action under those statutes.

D. *The cause of action for negligence is barred by the applicable statute of limitations, Code of Civil Procedure section 339, subdivision 1*

■ A cause of action for professional negligence is generally governed by the two-year statute of limitations under Code of Civil Procedure section 339, subdivision 1 for an "action upon a contract, obligation or liability not founded upon an instrument of writing." (See *Slavin v. Trout* (1993) 18 Cal.App.4th 1536, 1539 [23 Cal.Rptr.2d 219]; Rylaarsdam, *supra*, ¶ 4:1520.) In trial court proceedings, plaintiff argued that the four-year residual statute of limitations under Code of Civil Procedure section 343 for "[a]n action for relief not hereinbefore provided for" in the code applied. This is incorrect. The shorter two-year statute of limitations of Code of Civil Procedure section 339, subdivision 1 has been consistently applied to a range of professional negligence actions from those against accountants to those against real estate appraisers. (See Rylaarsdam, *supra*, ¶¶ 4:1525 to 4:1529 [collecting cases].) It is that statute of limitations that applies here, to the alleged professional negligence of a real estate agent and broker. Plaintiff's professional negligence cause of action was initiated in July 2008, more than two years (indeed, more than three years) after the cause of action accrued in November 2004. The negligence cause of action is time-barred.

E. *The cause of action for breach of fiduciary duty is timely under the applicable statute of limitations, Code of Civil Procedure section 343*

■ The Code of Civil Procedure does not specify a statute of limitations for breach of fiduciary duty. The cause of action is therefore governed by the residual four-year statute of limitations in Code of Civil Procedure section 343 governing "[a]n action for relief not hereinbefore provided for" in the code. (See Rylaarsdam, *supra*, ¶ 4:1791.)

■ There is a limitation to the applicability of this statute of limitations, as with any statute of limitations. It is widely understood that a plaintiff is not permitted to evade a statute of limitations by artful pleading that labels a cause of action one thing while actually stating another. California courts therefore look to the gravamen of the cause of action. "To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. [Citations.] '[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of

limitations under our code.' " (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22–23 [32 Cal.Rptr.2d 244, 876 P.2d 1043].) ▌ Accordingly, "[w]here the gravamen of the complaint is that defendant's acts constituted actual or constructive fraud, the applicable statute of limitations is the [Code of Civil Procedure section 338, subdivision (d) three-year] limitations period," governing fraud even though the cause of action is designated by the plaintiff as a claim for breach of fiduciary duty. (Rylaarsdam, *supra*, ¶ 4:1795.)

▌ Defendants argue on appeal that the gravamen of plaintiff's complaint is that defendants' acts constituted actual or constructive fraud, and thus should be governed by the fraud statute of limitations. We disagree. Plaintiff's claim is not founded upon the concealment of facts but upon defendants' alleged failure to draft documents necessary to the real estate transaction in which they represented plaintiff. The allegation is an allegation of breach of fiduciary duty, not fraud. The fiduciary duties of a real estate agent include the duties to obey the instructions of the client, and to provide diligent and faithful service. (2 Miller & Starr, Cal. Real Estate (3d ed. 2000) Agency, § 3:25, p. 119.) Plaintiff alleges that defendants failed to follow her instruction to prepare documentation of her sell-back arrangement with Harris, and failed to prepare the necessary documentation even after confirming the terms of the arrangement with Harris. The allegations here thus differ from those in a case cited by defendants, where the court applied the three-year fraud statute of limitations to the claim that a securities broker misrepresented the risk-level of a security. (*City of Vista v. Robert Thomas Securities, Inc., supra*, 84 Cal.App.4th at pp. 885, 889.) Misrepresentation is not the crux of this case. While plaintiff here alleged that defendant Canyon reassured her that he would prepare a written sell-back agreement, and never did so, the gravamen on plaintiff's complaint is not this false reassurance but the failure of defendant to perform his duty when preparing transactional documents. Plaintiff's allegations sufficiently state a breach of fiduciary duty cause of action governed by the four-year statute of limitations. The cause of action was initiated in July 2008, less than four years after the cause of action accrued in November 2004, and is therefore timely.

F.    *The parol evidence rule does not bar plaintiff from introducing evidence that defendants failed to prepare proper documentation of the agreement between her and the buyer*

▌ The parol evidence rule limits the introduction of extrinsic evidence, whether oral or written, to vary, alter, or add to the terms of a written agreement. Specifically, Code of Civil Procedure section 1856, provides: "(a) Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous

oral agreement. [¶] (b) The terms set forth in a writing described in subdivision (a) may be explained or supplemented by evidence of consistent additional terms unless the writing is intended also as a complete and exclusive statement of the terms of the agreement."

The trial court here found that the purchase agreement between plaintiff and the buyer, Harris, was intended by the parties as a final, complete, and exclusive statement of the terms of the agreement, and barred plaintiff from introducing evidence that she had a collateral sell-back agreement with Harris that defendants failed to memorialize. (Code Civ. Proc., § 1856, subd. (d).) Plaintiff challenges that finding on appeal.

As a preliminary matter, we note lingering uncertainty as to whether the parol evidence rule permits a stranger to the contract to invoke the parol evidence rule's exclusionary provisions. (See *Garcia v. Truck Ins. Exchange* (1984) 36 Cal.3d 426, 435, fn. 3 [204 Cal.Rptr. 435, 682 P.2d 1100] [noting issue and declining to resolve it].) California authority once held that the parol evidence rule had no application in controversies in which a stranger to the contract was a litigant. (*Ibid.*) A 1978 amendment of Code of Civil Procedure section 1856 deleted introductory language limiting the rule to disputes between the parties, raising the question whether the intention was to extend the rule to noncontracting parties. (*Garcia, supra,* at p. 435.) The California Supreme Court has yet to answer the question. (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 526, fn. 2 [117 Cal.Rptr.2d 220, 41 P.3d 46].) At least two intermediate appellate courts, including this District Court of Appeal, have held that a stranger to the contract *may* invoke the parol evidence rule where, for example, the noncontracting party claims to be a third party beneficiary of the contract or otherwise seeks to enforce obligations under the contract. (*Neverkovec v. Fredericks* (1999) 74 Cal.App.4th 337, 350, fn. 8 [87 Cal.Rptr.2d 856]; *Kern County Water Agency v. Belridge Water Storage Dist.* (1993) 18 Cal.App.4th 77, 86–87 [22 Cal.Rptr.2d 354]; see generally Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2010) ¶ 8:3057, p. 8E-220 (rev. # 1, 2008).) The parties here have not addressed the question. We will assume that California law permits third parties to invoke the parol evidence rule in the proper context. This case does not present the proper context.

■ The key consideration in application of the parol evidence rule, whether invoked by a party or a stranger to the contract, is whether the extrinsic evidence is being offered to reconstruct the parties' contractual obligations. The parol evidence rule does not apply here because plaintiff is not offering extrinsic evidence to reconstruct her obligations, or the obligations of the buyer, under the purchase agreement. The legal issue in dispute is the obligations of third parties—the real estate agent and broker—and

concerns their fiduciary duties when representing plaintiff during the sale transaction. The parol evidence rule is inapplicable.

In explaining the proper application of the parol evidence rule to third parties, a respected commentator has noted that the rule applies where contractual obligations are at issue, but no further: "it does not follow from the parol evidence rule that the written contract between two parties, which is conclusive as to them, must necessarily be conclusive as to the proof of any rights or claims either one of them may have against a third party merely because those claims grow out of the same transaction reflected in the written contract." (11 Williston on Contracts (4th ed. 1999) § 33:9, p. 599.) A contracting party may introduce parol evidence where, as here, the issue in dispute is not the legal obligations of the parties to the agreement. (*Id.* at pp. 599–600.)

As another commentator has explained, parties to an integrated written contract are bound by its terms under the parol evidence rule on the theory "that the parties have determined that a particular document shall be made the sole embodiment of *their* legal act for certain legal purposes [citation]. Hence, so far as that effect and those purposes are concerned, they must be found in that writing and nowhere else, no matter who may desire to avail himself of it," even a nonsignatory. (9 Wigmore, Evidence (Chadbourn rev. 1981) § 2446, p. 156, original italics; see *Neverkovec v. Fredericks, supra,* 74 Cal.App.4th 350, fn. 8 [citing treatise with approval on this point].) "But so far as other effects and purposes are concerned, the writing has not superseded their other conduct, nor other persons' conduct, and it may still be resorted to for any other purpose for which it is material, either by other persons or by themselves." (9 Wigmore, Evidence, *supra,* § 2446, p. 156.)

In the present case, plaintiff's allegations that she instructed defendant Canyon to prepare "the necessary paperwork" to implement her sell-back agreement with Harris, and that Canyon failed to do so, is not an attempt to reconstruct the purchase agreement or the contracting parties' obligations under that agreement. Plaintiff's purpose is to demonstrate that defendants breached their duty of diligence and service in the preparation and execution of the purchase agreement. In the course of making her case, plaintiff will necessarily have to offer evidence that Harris did, in fact, agree to the reconveyance defendants failed to memorialize. This is not a violation of the parol evidence rule. Plaintiff's purpose in offering the evidence is not to reconstruct the purchase contract with extrinsic evidence of a sell-back provision and then to enforce it as reconstructed—which may have been the aim of her unsuccessful lawsuit against Harris, a lawsuit upon which we express no opinion. Plaintiff's purpose here is to show the misconduct of defendants in preparing the purchase agreement, which is a separate matter

concerning distinct acts. Plaintiff's case is similar to one in which a contracting party alleges that his or her attorney committed malpractice in negotiating and drafting a document. Such cases are not barred by the parol evidence rule. (E.g., *Schneider, Smeltz, Ranney & LaFond, P.L.L. v. Kedia* (2003) 154 Ohio App.3d 117 [796 N.E.2d 553, 555–556].) The parol evidence rule prevents reconstruction of the parties' contractual obligations; it does not immunize real estate agents, attorneys, or other professionals from liability arising from their misconduct in drafting a contract.

## IV.  DISPOSITION

The judgment is reversed. The order granting judgment on the pleadings is reversed as to the first cause of action for breach of fiduciary duty but affirmed as to the second cause of action for negligence. Appellant Thomson shall recover costs incurred on appeal upon timely application in the trial court. (Cal. Rules of Court, rule 8.278.)

Ruvolo, P. J., and Rivera, J., concurred.