Filed 12/30/14  Hooper v. Ticor Title Ins. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARLOW HOOPER, | D066380 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CIVRS1107782) |
| TICOR TITLE INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Ben T. Kayashima, Judge.  Affirmed.

Fransen and Molinaro and Nathan W. Fransen for Plaintiff and Appellant.

Fidelity National Law Group and Susan M. Hutchison for Defendant and Respondent.

INTRODUCTION

Marlow Hooper executed a deed of trust (DOT) intending to encumber his home to secure a loan. After Hooper fell behind on his payments, the lender discovered the legal description on the DOT identified the wrong lot number. The lender asked Ticor Title Insurance Company (Ticor) to correct and re-record the DOT. Ticor did so by re-recording the DOT with a handwritten correction to the lot number, but it did not conform to the procedures required by the County of San Bernardino (County) for re-recording. Hooper sued Ticor for fraud and negligence alleging he was not given notice of the re-recording until after he filed bankruptcy. As a result, he alleged, he lost his home when the bankruptcy trustee was able to sell the home as an unsecured asset available to the estate and its creditors.

Hooper appeals the summary judgment granted in favor of Ticor after the trial court ruled Hooper could not establish Ticor acted with an intent to defraud, which is a critical element of fraud or concealment, and the negligence cause of action is barred by the statute of limitations. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A

Hooper executed a DOT on April 20, 2006, intending to secure a loan for $1 million by encumbering his primary residence. Although the DOT correctly identified the physical address of the property, the legal description incorrectly described the property as lot 17 rather than lot 19. Ticor, who provided title insurance to the lender, recorded the DOT on May 1, 2006, with the County.

2

When Hooper fell behind on payments, the lender recorded a notice of default on July 24, 2008. Hooper was more than $16,000 in arrears and the notice stated the lender elected to sell the property to satisfy the loan.

In September 2008, Lender Processing Services, Inc. (LPS), acting as an agent of the lender, asked Ticor to re-record the original DOT with the correct lot number. Ticor received the original DOT from LPS and changed the legal description by hand to correct the lot number. Ticor electronically re-recorded the corrected DOT with the County on September 12, 2008. However, it did not follow the County's re-recording procedures, which required a cover page and a notary re-acknowledgement.

B

On October 15, 2008, Hooper filed for Chapter 7 bankruptcy. At the time, Hooper was behind on loan payments by almost $27,000. According to schedules filed with the bankruptcy petition, the property was valued at $850,000 with encumbrances of more than $1,241,000. Hooper listed the lender as holding secured claims based on the first and second DOT.

On October 23, 2008, the trustee under the DOT recorded a notice of rescission electing not to sell the property based on a default notice recorded on October 16, 2008. The notice of rescission referred to both the 2006 DOT and the DOT re-recorded on September 12, 2008, "to provide the correct [l]egal [d]escription." At the time, Hooper was in arrears on the loan by almost $27,000.

The bankruptcy was discharged on February 3, 2009, after the bankruptcy trustee made a "no-asset" report based on the lender holding a security interest in the property.

3

By March 2009, Hooper was more than $50,000 in arrears on his home loan. When Hooper reviewed another notice of default recorded on February 25, 2009, he noticed a reference to the re-recorded DOT and then discovered the DOT had been re-recorded and the legal description changed without complying with County requirements for correction. He notified his attorney, who notified the bankruptcy trustee.

At Hooper's request, the bankruptcy court reopened the bankruptcy case on April 30, 2009, as a result of an alleged fraud related to changing the legal description on the DOT. The bankruptcy trustee commenced an adversary proceeding in June 2009 against the lender and related entities arguing the property was not properly encumbered under the 2006 DOT and the 2008 re-recorded DOT was an unauthorized transfer of the property while Hooper was insolvent. The trustee sought an order avoiding the 2008 re-recorded DOT as a preferential transfer, which would mean the property could be sold as an unsecured asset and the proceeds would be available to the bankruptcy estate and its creditors.

Hooper was not a party to the adversary proceeding and did not seek to intervene in that proceeding. Hooper filed a motion in bankruptcy court for an order compelling the trustee's abandonment of fraud claims against Ticor and LPS, which were not named in the adversary proceeding, to allow Hooper to pursue those claims in state court. The bankruptcy court granted the unopposed motion stating Hooper had shown sufficient proof the claim against Ticor and LPS for fraud was of "inconsequential value and benefit" to the estate.

4

The bankruptcy court approved the sale of the property, with the proceeds to be held pending resolution of the adversary proceeding. Ultimately, in March 2011 the bankruptcy court approved a global compromise of the adversary proceeding over an objection by Hooper. The lender, which the bankruptcy court determined was either a secured creditor or the largest unsecured creditor in the estate, compromised with the trustee to receive some of the proceeds of the sale. Other creditors also received part of the proceeds.

C

Hooper commenced this action on August 26, 2011, suing Ticor and LPS for fraud, negligence and violation of Business and Professions Code section 17200.[1] He alleged Ticor concealed its actions of altering and re-recording the DOT and breached a duty of care owed to him. Hooper alleged he lost his home and was forced to move his family due, in part, to the conduct of Ticor. He alleged the re-recording of the altered DOT was critical to the bankruptcy court's finding the property was unsecured and available to the estate and its creditors. Hooper contends if he was informed about the re-recording of the altered DOT, he may have delayed filing his bankruptcy.

The trial court granted summary judgment in favor of Ticor as to the fraud cause of action concluding there was no evidence Ticor intended to defraud Hooper. The court

---

[1] Hooper dismissed the cause of action alleging violation of Business and Professions Code section 17200 as to Ticor.

granted summary judgment as to the negligence cause of action concluding it was barred by statute of limitations.[2]

DISCUSSION

I

*Standards Governing Summary Judgment*

A defendant is entitled to summary judgment if it shows one or more elements of the cause of action cannot be established or there is a complete defense to the plaintiff's cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Aguilar*).) If the defendant meets this initial burden, the burden of production shifts to the plaintiff to show a triable, material controversy as to whatever element of the cause of action defendant claims is not established or a defense. (*Ibid.*)

"[W]e review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtecl National, Inc.* (2000) 24 Cal.4th 317, 334.) We liberally construe the evidence in support of the party opposing summary judgment. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142) "There is a triable

---

2    The trial court previously granted summary judgment in favor of LPS concluding Hooper had not adduced any evidence supporting the essential elements of fraud, such as intent or justifiable reliance and no relationship between Hooper and LPS. It also granted summary judgment as to negligence cause of action based on the statute of limitations. Hooper dismissed the third cause of action. Hooper does not challenge the judgment in favor of LPS in this appeal.

6

issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 850.)

## II

### *Summary Judgment is Appropriate for the Fraud Cause of Action*

Hooper contends the trial court erred in granting summary judgment as to the fraud cause of action for fraud because its finding of a lack of intent to defraud is a factual determination not proper for summary judgment.  We do not agree.  Where there is no disputed evidence in the record from which an intent to deceive the plaintiff or to induce reliance is reasonably deducible, summary judgment is proper.  (*Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1298-1299; *Netbula, LLC v. Bindview Dev. Corp.* (N.D. Cal. 2007) 516 F.Supp.2d 1137, 1154.)  As we explain, Hooper presented no evidence to support an inference Ticor acted with fraudulent intent beyond speculation.  (*Aguliar*, *supra*, 25 Cal.4th at p. 864 [speculation is not evidence].)

Civil Code section 1709 imposes liability for fraudulent deceit on "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk."  " ' "The elements of fraud . . . are:  (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) *intent to defraud, i.e., to induce reliance*; (d) justifiable reliance; and (e) resulting damage." ' "  (*Lovejoy v. AT&T Corp.* (2001) 92 Cal.App.4th 85, 93 (*Lovejoy*), italics added by *Lovejoy*.)

7

Deceit by concealment is "suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact." (Civ. Code, § 1710, subd. 3.) The required elements for fraudulent concealment are: (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact. (*Bank of America Corp. v. Superior Court* (2011) 198 Cal.App.4th 862, 870 (*Bank of America Corp.*).)

In this case, there is no evidence Ticor made a false representation. Ticor admitted it changed the legal description and re-recorded the original DOT to correct the lot number error.

Hooper also presented no evidence Ticor concealed the re-recorded DOT correcting the legal description with an intent to defraud or induce reliance. Hooper cites *Lovejoy*, *supra*, 92 Cal.App.4th 85 for the proposition "[t]he only intent by a defendant necessary to prove a case of fraud is the intent to induce reliance." This case is distinguishable from *Lovejoy*. In *Lovejoy*, the court concluded a viable cause of action for fraudulent concealment could be stated against a telephone carrier for concealing not only the fact it "slammed" the plaintiff's toll-free number service by surreptitiously gaining control over the service provided by another provider, but also for hiding the charges for the service within a long-distance service bill. When the plaintiff cancelled

8

his long-distance service as a result of a billing dispute, the carrier also cancelled the toll-free service and caused plaintiff to lose business. (*Id*. at pp. 95-98.) The *Lovejoy* court concluded a cause of action for fraud may be stated where reliance on a misrepresented or concealed fact is reasonably expected to occur even if the defendant did not intend a particular harm to a plaintiff. (*Id*. at pp. 93-94.)

In this case, there is no evidence Ticor acted deceptively or should have reasonably expected detrimental reliance based on the corrected DOT. Ticor admittedly did not follow the procedures required by the County for re-recording. It did not include a cover page with a description of the change and it did not include a re-acknowledgment by a notary. However, the corrected DOT was re-recorded as a public record before Hooper filed for bankruptcy and was identified in subsequent recordings, including notices of default and notice of rescission of default. At least one of these documents identified the re-recorded DOT as correcting the legal description.

Hooper's statement he may not have filed bankruptcy when he did if he had known about the correction of the DOT is not sufficient to establish the element of reliance for fraud. Although Hooper was not aware of the re-recording at the time of the correction, there is no dispute Hooper intended to secure the loan with his property. The fact the legal description in the 2006 DOT was faulty would not prevent enforcement of the DOT against Hooper because it could be construed as an equitable mortgage. (*Clayton Dev. Co. v. Flavey* (1988) 206 Cal.App.3d 438, 443-444 ["a promise to give a mortgage or a trust deed on particular property as security for a debt will be specifically enforced by granting an equitable mortgage. [Citations.] An agreement that particular property is

9

security for a debt also gives rise to an equitable mortgage even though it does not constitute a legal mortgage"].)

There is no evidence of wrongdoing other than the fact Ticor failed to comply with the County requirements for re-recording to correct the legal description in the DOT. This alone is insufficient to support a reasonable inference of an intent to defraud Hooper or to induce his reliance.[3]

III

*Summary Judgment is Appropriate for the Negligence Cause of Action*

The statute of limitations for negligence is two years. (Code Civ. Proc., § 335.1.) A "cause of action accrues for purposes of the statute of limitations, and the applicable limitations period begins to run, when the plaintiff has suffered damages from a wrongful act." (*Lyles v. State of California* (2007) 153 Cal.App.4th 281, 286.) "[A]lthough a right to recover nominal damages will not trigger the running of the period of limitation, the infliction of appreciable and actual harm, however uncertain in amount, will commence

---

[3]     Hooper's extensive citations to statements by bankruptcy court judges characterizing the re-recorded DOT as "a fraud" or a "forgery" do not assist him in raising a triable issue of fact on the issue of fraudulent intent. Although these jurists were less than pleased with Ticor's failure to follow the rules, the issue of whether or not the elements of fraud were met was not before them. We also note the bankruptcy judge was not discriminating in her displeasure with the parties: "I have to say there are no really pretty picture parties before me. . . . If the [d]ebtors get anything out of this, it's an enormous windfall . . . . [¶] They signed up to get a million dollar plus loan on their house. They defaulted in making those payments. They [lived] in the house until sold for more than two years without making a payment. In the real world of the economics of home sales, no one is getting an exemption when the house is sold these days. So, these [d]ebtors are not sympathetic from an equitable point of view to the Court. However, the lender or whoever is responsible for what happened with the lender is clearly not a very pretty picture for the Court either."

10

the statutory period. . . . [N]either uncertainty as to the amount of damages nor difficulty in proving damages tolls the period of limitations." (*Davies v. Krasna* (1975) 14 Cal.3d 502, 514.) "Where the facts are undisputed, the accrual of a cause of action may be determined as a matter of law." (*Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 604.)

Hooper contends the negligence cause of action did not accrue until the bankruptcy court ordered the sale of his home. We are not persuaded.

The Supreme Court has rejected the notion actual injury or appreciable harm does not occur until related litigation concludes. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 752 (*Jordache*).) "Actual injury refers only to the legally cognizable damage necessary to assert the cause of action. There is no requirement that an adjudication or settlement must first confirm a causal nexus between the . . . error and the asserted injury. The determination of actual injury requires only a factual analysis of the claimed error and its consequences. The injury necessarily is more qualitative than quantitative because the fact of damage, rather than the amount, is the critical factor." (*Ibid.*)

Subsequently we have held, "the *Jordache* court concluded the attorney's negligence, by allowing the insurers to interpose an objectively viable defense to coverage, caused immediate injury to the clients in the form of additional litigation costs in the coverage litigation, as well as reducing the value of the claim against the insurers and other lost opportunity costs. [Citation.] Because these injuries were immediate, and the outcome of the litigation engendered as a result of the malpractice would only affect the amount rather than the fact of injury, the court concluded the clients had suffered

11

actual injury well before the litigation was concluded." (*Truong v. Glasser* (2009) 181 Cal.App.4th 102, 113.)

Similarly, in *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26 (*Village Nurseries*), the court rejected an argument a client did not suffer actual injury from an attorney's malpractice until a bankruptcy court made a final ruling determining the client's mechanic liens were invalid. The court applied *Jordache*, *supra*, 18 Cal.4th 739 to conclude once the bankruptcy trustee raised an objectively viable argument the mechanic liens were not perfected because of the attorney's error in not giving proper notice in the bankruptcy, the client sustained actual injury. (*Village Nurseries*, *supra*, at pp. 40-42.) "Following the reasoning in *Jordache*, the settlement value of Village Nurseries' claims for payment on its liens was reduced and thus impaired at the moment the [t]rustee questioned the validity of the liens." (*Id*. at p. 41.)

In this case, Hooper learned of the alleged wrongful acts surrounding the re-recording before April 30, 2009, when Hooper had his attorney contact the bankruptcy trustee and reopen the bankruptcy proceedings. Hooper sustained appreciable injury at this stage when he hired a lawyer to represent him in the reopened bankruptcy proceedings. Hooper certainly suffered appreciable injury no later than June 2009 when the bankruptcy trustee began the adversary proceedings and argued the house should be sold through the bankruptcy proceedings as an unsecured asset because the re-recorded DOT constituted a preferential transfer. At that point, Hooper's interest in the property or attempting to capitalize on the error was impaired. Because Hooper did not file this

action against Ticor until August 2011, more than two years later, the negligence cause of action is barred by the statute of limitations.

## DISPOSITION

The judgment is affirmed.  Ticor shall recover its costs on appeal.

McCONNELL, P. J.

WE CONCUR:

McINTYRE, J.

O'ROURKE, J.