EMIL FREI, III, BY AND THROUGH HIS GUARDIAN AD LITEM, EMIL FREI, IV, APPELLANT, *v.* DANIEL V. GOODSELL, AN INDIVIDUAL; AND GOODSELL & OLSEN, A NEVADA LIMITED LIABILITY PARTNERSHIP, RESPONDENTS.

No. 58391

July 3, 2013                                                   305 P.3d 70

*Blut Law Group, APC*, and *Elliot S. Blut*, Las Vegas, for Appellants.

*John H. Cotton & Associates, Ltd.*, and *John H. Cotton* and *Christopher G. Rigler*, Las Vegas, for Respondents.

---

404

Before HARDESTY, PARRAGUIRRE and CHERRY, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, appellant Emil Frei, III, challenges the district court's refusal to apply the doctrine of issue preclusion and its application of the parol evidence rule in an attorney malpractice action. Before filing the malpractice action, Frei sued the trustee of his deceased wife's estate, claiming that the trustee had improperly transferred Frei's assets into the trust. In that trust action, Frei successfully sought to disqualify respondent Daniel Goodsell, the attorney who prepared the trust documents, from representing

the trustee, based on the district court's conclusion that a prior attorney-client relationship existed between Frei and Goodsell, which created a conflict of interest.

Following resolution of the trust action, Frei sued Goodsell for malpractice. Frei asserted, and maintains on appeal, that the doctrine of issue preclusion prevented Goodsell from denying the existence of an attorney-client relationship with Frei in the legal malpractice lawsuit because he had been disqualified from representing the trustee in the previous trust action. Frei also objected to the district court's application of the parol evidence rule to preclude evidence of Frei's intent in executing a number of unambiguous documents prepared by Goodsell. We conclude that the issue of an attorney-client relationship between Frei and Goodsell was not "necessarily litigated" in the previous trust action, which is essential for issue preclusion to apply, and that the district court did not abuse its discretion in applying the parol evidence rule. Thus, we affirm the district court's judgment in Goodsell's favor.

## FACTS AND PROCEDURAL HISTORY

Respondent Daniel Goodsell is an attorney who prepared various estate planning documents for the signature of appellant Emil Frei III.[1] Goodsell prepared the documents at the instruction of Frei's agent, Stephen Brock, who had been appointed as both Frei's attorney-in-fact and as trustee to a trust for Frei's wife. Per Brock's instruction, the documents were intended to correct an imbalance between two separate revocable trusts that benefited the couple's children from prior marriages. The documents included assignments of bank and investment accounts, a deed to Frei's home, two codicils to his will, an amendment to Frei's trust, and a declination to act as successor trustee to the wife's trust. Goodsell did not speak directly to Frei about the documents and delivered them to Brock for Frei's signature. Upon execution, the documents transferred over $1 million of Frei's assets into his wife's trust.

After his wife's death, Frei sought to void the documents and filed an action against Brock, arguing that he did not understand the impact of what he was signing and that the documents did not accurately reflect his intent. As litigation over the trust ensued, Frei also filed a motion to disqualify Goodsell from representing Brock, arguing that an attorney-client relationship existed to the extent that Goodsell prepared documents for Frei's signature. The district court concluded that Brock had been acting as Frei's agent in obtaining the documents, and it granted Frei's motion to disqualify Goodsell based on a conflict of interest. The trust action

---

[1] We refer to respondent Goodsell and his law firm, respondent Goodsell & Olsen, collectively as Goodsell. Appellant's son, Emil Frei IV, has been appointed guardian ad litem in this action.

was ultimately resolved through a settlement agreement, which was approved in district court.

After the trust litigation settled, Frei brought the underlying legal malpractice action against Goodsell, arguing that Goodsell breached his standard of care by failing to verify Frei's intentions before preparing the documents for his signature.

Before trial, Frei filed a motion in limine to preclude Goodsell from arguing that an attorney-client relationship did not exist. Specifically, Frei argued that under the doctrine of issue preclusion, Goodsell could not deny the existence of an attorney-client relationship in light of the district court's order disqualifying Goodsell from the trust action. The district court denied Frei's motion, reasoning that the disqualification ruling had not resulted in a final, appealable order.

During trial, Goodsell raised a parol evidence objection in response to questions regarding Frei's intent in executing the documents. Goodsell argued that each document was clear and unambiguous, such that Frei could not testify to contradict the plain meaning of its contents. The district court agreed that evidence of Frei's intent was precluded by the parol evidence rule. Following a general jury verdict, the district court issued judgment in Goodsell's favor.

## DISCUSSION

On appeal, Frei argues that the doctrine of issue preclusion should have precluded Goodsell from denying the existence of an attorney-client relationship. Frei also argues that the district court erred by concluding that the parol evidence rule barred testimony regarding his intent and understanding of the documents. We disagree.

### Application of the doctrine of issue preclusion

Frei argues that the district court erred in denying his motion in limine because the doctrine of issue preclusion should have precluded Goodsell from arguing that an attorney-client relationship did not exist. We review de novo whether the doctrine of issue preclusion applies to preclude a party from relitigating legal issues that were addressed in a previous action. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1052, 194 P.3d 709, 711 (2008); *Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 984, 103 P.3d 8, 16 (2004).

In order for issue preclusion to apply, each of the following elements must be met:

"(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation"; and (4) the issue was actually and necessarily litigated.

*Five Star*, 124 Nev. at 1055, 194 P.3d at 713 (alteration in original) (quoting *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994)); *see also Kahn v. Morse & Mowbray*, 121 Nev. 464, 474, 117 P.3d 227, 234-35 (2005) (noting that "a litigant must show that an issue of fact or law was necessarily and actually litigated in a prior proceeding").

Focusing on the fourth factor—whether the issue was actually and necessarily litigated, which is dispositive here—we conclude that while the issue of Goodsell's attorney-client relationship with Frei was actually litigated in the previous trust action, *cf. In re Sandoval*, 126 Nev. 136, 139-40, 232 P.3d 422, 424-25 (2010) (concluding that a case had not been "actually . . . litigated" without knowledge and participation of both parties and findings of fact established by evidence); *see* Restatement (Second) of Judgments § 27 cmt. d (1982) ("When an issue is properly raised . . . and is submitted for determination, . . . the issue is actually litigated . . . ."), it was not necessarily litigated. Nevada law provides that only where "the common issue was . . . *necessary to the judgment in the earlier suit,*" will its relitigation be precluded. *Tarkanian*, 110 Nev. at 599, 879 P.2d at 1191 (emphasis added). Thus, for issue preclusion to apply in this case, the issue of whether Frei and Goodsell had an attorney-client relationship must have been necessary for resolution of the trust action.

In resolving this issue, we look to the Massachusetts Supreme Judicial Court, which addressed a similar issue in *Jarosz v. Palmer*, 766 N.E.2d 482, 486 (Mass. 2002). *Jarosz* involved the preclusive effect of a district court ruling in a wrongful termination action, in which a corporate co-owner and former officer unsuccessfully moved to disqualify the corporation's attorney based on a conflict of interest arising from the attorney's actions in helping the former officer acquire his interest in the corporation. *Id.* at 485. The former officer then filed a subsequent legal malpractice claim against the attorney, who in turn moved for summary judgment on the ground that an attorney-client relationship did not exist as a matter of law. *Id.* The *Jarosz* court declined to apply the doctrine of issue preclusion after concluding that "[t]he issue of [an]

attorney-client relationship . . . was clearly not essential to a determination of . . . wrongful termination claims against the [corporation]." *Id.* at 489 (reasoning that the former officer "could have prevailed on those claims regardless of the outcome of his motion to disqualify").

Here, resolution of the prior trust action was not dependent on whether Goodsell had an attorney-client relationship with Frei. Instead, the record indicates that either party to the trust action could have prevailed regardless of the district court's disqualification of Goodsell. Thus, we conclude that the issue of whether Frei entered into an attorney-client relationship was not necessarily litigated in the trust action, thereby rendering the doctrine of issue preclusion inapplicable in the subsequent legal malpractice action.[2] *Five Star*, 124 Nev. at 1052, 194 P.3d at 711.

Accordingly, the district court did not err in denying Frei's motion in limine or by allowing the issue of an attorney-client relationship to be determined by the jury.

## *Parol evidence rule*

Frei argues that the district court erred in applying the parol evidence rule to preclude testimony of his actual intent in executing the documents.[3] "We review a district court's decision to admit or exclude evidence for abuse of discretion, and we will not interfere

---

[2]Frei argues that the district court erred in concluding that the disqualification ruling did not result in an appealable, final order. Because we conclude that the underlying issue was not necessarily litigated in the trust action—a point contested in the parties' briefs and at oral argument—we need not address Frei's argument. *Hotel Riviera, Inc. v. Torres*, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981) (stating that this court may affirm a district court's decision for different reasons than relied upon below).

[3]We limit our discussion on this issue to the arguments raised by Frei on appeal and therefore assume without deciding that the parol evidence rule is available here. It is unclear whether the parol evidence rule applies to this type of action, where appellant seeks recovery for legal malpractice and is not specifically seeking to contradict the terms of the document. *See Schneider, Smeltz, Ranney & LaFond, P.L.L., v. Kedia*, 796 N.E.2d 553, 555-56 (Ohio Ct. App. 2003) (concluding in a *legal malpractice* case that the parol evidence rule would not preclude a client from introducing evidence that the document prepared by his attorney included different terms than those agreed to prior to execution); *Thomson v. Canyon*, 129 Cal. Rptr. 3d 525, 537 (Ct. App. 2011) ("The parol evidence rule prevents reconstruction of the parties' contractual obligations; it does not immunize real estate agents, attorneys, or other professionals from liability arising from their misconduct in drafting a contract."). We do not address this issue, however, as Frei did not properly raise this argument on appeal. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider an issue not cogently argued or supported by relevant legal authority).

with the district court's exercise of its discretion absent a showing of palpable abuse.'' *M.C. Multi-Family Dev. v. Crestdale Assocs.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008).

Extrinsic or parol evidence is not admissible to contradict or vary the terms of an unambiguous written instrument, '' 'since all prior negotiations and agreements are deemed to have been merged therein.' '' *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 281, 21 P.3d 16, 21 (2001) (quoting *Daly v. Del E. Webb Corp.*, 96 Nev. 359, 361, 609 P.2d 319, 320 (1980)).

Frei concedes that all of the documents are unambiguous on their face, but he argues that evidence of his intent was essential for proving that the documents did not meet his objectives. For support, Frei primarily relies on *Russ v. General Motors Corp.* for the proposition that the district court should have allowed extrinsic evidence regarding his understanding of the documents' effect in order to show a unilateral mistake in execution. 111 Nev. 1431, 1438-39, 906 P.2d 718, 723 (1995) (stating that "a court should provisionally receive all credible evidence concerning a party's intentions to determine whether the language of a release is reasonably susceptible to the interpretation urged by the party"). We conclude that Frei's reliance on *Russ* is misplaced, as this court has subsequently discredited this language as dictum. *Kaldi*, 117 Nev. at 282, 21 P.3d at 22 (concluding that "*Russ* does not stand for a general proposition that evidence of a party's intent may be admissible to create ambiguity in an otherwise unambiguous written contract").

In the alternative, Frei argues that the parol evidence rule should not have applied because, in the context of estate planning, courts routinely admit extrinsic evidence of a testator's intent. *See Ohanneson v. Lambrinidou (In re Sargavak's Estate)*, 216 P.2d 850, 852 (Cal. 1950). In *In re Sargavak's Estate*, the court concluded that extrinsic evidence is admissible to show whether an allegedly testamentary instrument was intended by the testator to be effective as a will. *Id.* However, the court proceeded to modify its holding by explaining that such evidence is not admissible "for the purpose of proving the meaning the testator attributed to specific provisions of an admitted will.'' *Id.*; *Bowles v. Bradley*, 461 S.E.2d 811, 813 (S.C. 1995) ("If the language of the trust instrument is plain and capable of legal construction, that language determines the force and effect of the instrument . . . [and] extrinsic evidence will not be admitted to alter the plain language of the instrument.''). Accordingly, we conclude that this argument is unpersuasive, as Frei does not argue that he lacked testamentary intent while signing the

documents or that he failed to understand the effect of the unambiguous documents at the time of their execution.[4]

Therefore, we conclude that the district court did not abuse its discretion in prohibiting Frei from presenting extrinsic evidence with regard to his specific intent in executing the unambiguous documents.

## CONCLUSION

We conclude that the district court properly refused to apply the doctrine of issue preclusion because the issue of an attorney-client relationship between Frei and Goodsell was not necessarily litigated in the previous trust action. We also conclude that the district court did not abuse its discretion in applying the parol evidence rule. Accordingly, we affirm the district court's judgment.

HARDESTY and CHERRY, JJ., concur.

---

[4]Finally, Frei cites *Massie v. Chatom*, 127 P. 56, 57 (Cal. 1912), for the proposition that the parol evidence rule only applies to actions between parties to the contract or their privies. In rejecting this argument, we note that California law wavers in this position, as recent cases have held that the "key consideration in application of the parol evidence rule, whether invoked by a party or a stranger to the contract, is whether the extrinsic evidence is being offered to reconstruct the parties' contractual obligations." *Thomson v. Canyon*, 129 Cal. Rptr. 3d 525, 536 (Ct. App. 2011). In any event, Nevada has never limited application of the parol evidence rule to actions between the parties to a contract or their privies, and we decline to do so here.