130 Nev., Advance Opinion 28

IN THE SUPREME COURT OF THE STATE OF NEVADA

HIROKO ALCANTARA, AS PARENT
AND GUARDIAN ON BEHALF OF
SARAH ALCANTARA,
Appellant,
vs.
WAL-MART STORES, INC., A
FOREIGN CORPORATION,
Respondent.

No. 60566

**FILED**

APR 03 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order, certified as final under NRCP 54(b), dismissing Wal-Mart Stores, Inc., from a torts action on claim preclusion grounds. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

*Affirmed.*

Law Offices of Mont E. Tanner and Mont E. Tanner, Las Vegas, for Appellant.

Phillips, Spallas & Angstadt, LLC, and Brenda H. Entzminger, Las Vegas, for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

*OPINION*

By the Court, CHERRY, J.:

This appeal concerns the application of claim and issue preclusion to actions brought under different subsections of Nevada's

14-10527

wrongful death statute, NRS 41.085. In the underlying action, an heir asserted a wrongful-death claim against respondent Wal-Mart Stores, Inc., under NRS 41.085(4), even though the decedent's estate had previously attempted, but failed, to succeed on a wrongful death claim against Wal-Mart under NRS 41.085(5). Wal-Mart moved to dismiss the heir's action on claim and issue preclusion grounds, and the district court granted the motion based on claim preclusion. On appeal, we affirm this dismissal, albeit on issue preclusion grounds. We follow the reasoning in *Evans v. Celotex Corp.*, 238 Cal. Rptr. 259, 260 (Ct. App. 1987), and conclude that the heir is barred from relitigating the issue of Wal-Mart's negligence because it has already been established, in the case brought by the estate on her behalf, that Wal-Mart was not negligent and, thus, not liable. In resolving this appeal, we adopt the Restatement (Second) of Judgments' explanation of what constitutes adequate representation for privity purposes.

## FACTS AND PROCEDURAL HISTORY

Appellant Hiroko Alcantara, on behalf of her daughter Sarah, filed a wrongful death action under NRS 41.085 against Wal-Mart and other defendants after Sarah's father was fatally assaulted in a Wal-Mart parking lot. Wal-Mart moved to dismiss the action on claim and issue preclusion grounds, asserting that the decedent's estate, along with three of the decedent's heirs (Sarah's half-brothers), had already filed a wrongful death lawsuit against Wal-Mart and lost. In particular, Wal-Mart pointed out that, in the prior action, the jury had returned a special verdict finding that Wal-Mart was not negligent. The district court granted the motion to dismiss Alcantara's action against Wal-Mart with prejudice, determining that claim preclusion barred the case. Although claims against other

defendants remained pending, the court certified the dismissal order as final under NRCP 54(b), and this appeal followed.

## DISCUSSION

We rigorously review a district court order granting an NRCP 12(b)(5) motion to dismiss, accepting all of the plaintiff's factual allegations as true and drawing every reasonable inference in the plaintiff's favor to determine whether the allegations are sufficient to state a claim for relief. *Buzz Stew, L.L.C. v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). A complaint should be dismissed for failure to state a claim "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672. We review a district court's conclusions of law, including whether claim or issue preclusion applies, de novo. *Id.*; *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 262 P.3d 1135, 1137 (2011).

*Statutory framework*

The NRS 41.085 statutory scheme creates two separate wrongful death claims, one belonging to the heirs of the decedent and the other belonging to the personal representative of the decedent, with neither being able to pursue the other's separate claim.[1] *See Alsenz v.*

---

[1]NRS 41.085 provides, in relevant part, that

> 2. When the death of any person, whether or not a minor, is caused by the wrongful act or neglect of another, the heirs of the decedent and the personal representatives of the decedent may each maintain an action for damages against the person who caused the death, or if the wrongdoer is dead, against the wrongdoer's personal

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Clark Cnty. Sch. Dist.*, 109 Nev. 1062, 1064, 864 P.2d 285, 286 (1993). NRS 41.085(2) and (3), respectively, provide that "the heirs of the decedent and the personal representatives of the decedent may *each* maintain an action for damages" and that the causes of action "which arose out of the same wrongful act or neglect *may be joined*." (Emphases added.) *See Tarango v. State Indus. Ins. Sys.*, 117 Nev. 444, 451 n.20, 25 P.3d 175, 180 n.20 (2001) (explaining that, generally, in statutes, "may" is permissive, while "shall" is mandatory). NRS 41.085(4) further explains that the heirs may recover damages for grief and sorrow, loss of probable support, companionship, and the pain and suffering of the decedent, which may not be used to pay the decedent's debt, while NRS 41.085(5) explains that the estate may recover special damages, including those for medical and funeral expenses, and any penalties that the decedent would have been able to recover, which are liable to pay the decedent's debt.

*Whether claim preclusion bars Alcantara's claims*

Alcantara contends that, because NRS 41.085 provides for separate claims, the district court erroneously applied claim preclusion to this case. Broadly speaking, claim preclusion bars parties and their privies from litigating claims that were or could have been brought in a

---

*...continued*

representatives, whether the wrongdoer died before or after the death of the person injured by the wrongdoer. . . .

3. An action brought by the heirs of a decedent pursuant to subsection 2 and the cause of action of that decedent brought or maintained by the decedent's personal representatives which arose out of the same wrongful act or neglect may be joined.

Supreme Court
of
Nevada

(0) 1947A

4

prior action concerning the same controversy. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 712-13 (2008). This doctrine is designed to preserve scarce judicial resources and to prevent vexation and undue expense to parties. *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994). It is premised on fairness to the defendant and sound judicial administration by acknowledging that litigation over a specific controversy must come to an end, even "'if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding.'" *Five Star*, 124 Nev. at 1058, 194 P.3d at 715 (quoting Restatement (Second) of Judgments § 19 cmt. a (1982)).

Claim preclusion applies if (1) the same parties or their privies are involved in both cases, (2) a valid final judgment has been entered, and (3) "the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star*, 124 Nev. at 1054, 194 P.3d at 713. Because it resolves the issue, we start with the third prong.

Generally, "all claims 'based on the same facts and alleged wrongful conduct' that were or could have been brought in the first proceeding are subject to claim preclusion." *G.C. Wallace*, 127 Nev. at __, 262 P.3d at 1139 (quoting *Five Star*, 124 Nev. at 1058, 194 P.3d at 715). Here, however, the NRS 41.085 statutory scheme clearly creates separate wrongful death claims, one belonging to the decedent's heirs and the other belonging to the decedent's personal representative. As the claim of the personal representative, or the estate, under NRS 41.085(5) could not include Alcantara's claim under NRS 41.085(4), the two claims are separate and thus fail to meet the requirement that the claims in the second case be the same as those that were or could have been brought in

SUPREME COURT
OF
NEVADA

(O) 1947A

5

the first case. *See* Restatement (Second) of Judgments § 24 cmt. a (1982) ("[I]f more than one party has a right to relief arising out of a single transaction, each such party has a separate claim for purposes of merger and bar."). Accordingly, while the claims made by the estate and its heirs, Alcantara included, all arose from the death of the decedent, claim preclusion does not apply.[2] *See S. Cal. Edison v. First Judicial Dist. Court*, 127 Nev. ___, ___ n.5, 255 P.3d 231, 237 n.5 (2011) ("[C]laim preclusion could not be used to contravene the Legislature's policy decision."). This does not end our inquiry, however, as Wal-Mart alternatively asserts that issue preclusion applies to preclude this action.

*Whether issue preclusion bars Alcantara's claims*

Wal-Mart argues that issue preclusion provides this court with an independent basis for affirming the dismissal. Because "[a] respondent may, . . . without cross-appealing, advance any argument in support of the judgment even if the district court rejected or did not consider the argument," we address this issue. *Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994).

A corollary to claim preclusion, issue preclusion is applied to conserve judicial resources, maintain consistency, and avoid harassment or oppression of the adverse party. *Berkson v. LePome*, 126 Nev. ___, ___, 245 P.3d 560, 566 (2010). For this doctrine to apply, the following four elements must be met:

> "(1) the issue decided in the prior litigation must be identical to the issue presented in the current

---

[2]Wal-Mart does not raise an argument that preclusion can be based on the relationship between Alcantara and the heirs who were involved in the prior action; therefore, we do not address this issue.

action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation"; and (4) the issue was actually and necessarily litigated.

*Five Star*, 124 Nev. at 1055, 194 P.3d at 713 (alteration in original) (quoting *Tarkanian*, 110 Nev. at 598, 879 P.2d at 1191). As previously explained, the prior case was finally resolved on the merits. We thus turn to the remaining issue preclusion factors: same issues, same parties, and actually and necessarily litigated.

*The same issues*

"For 'issue preclusion to attach, the issue decided in the prior [proceeding] must be identical to the issue presented in the current [proceeding].'" *Holt v. Regional Tr. Servs. Corp.*, 127 Nev. ___, ___, 266 P.3d 602, 605 (2011) (alterations in original) (quoting *Redrock Valley Ranch v. Washoe Cnty.*, 127 Nev. ___, ___, 254 P.3d 641, 646 (2011)). In challenging whether the issues are the same, Alcantara asserts that there are significant differences between the legal theories asserted in the two actions based on her argument that Wal-Mart had a nondelegable duty to provide safe premises, an argument that, she asserts, was not made in the prior case by the estate.

"[A] nondelegable duty imposes upon the principal not merely an obligation to exercise care in his own activities, but to answer for the well-being of those persons to whom the duty runs." *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 395 (1982) (citing Restatement (Second) of Agency § 214 (1958)) (finding no nondelegable duty under 42 U.S.C. § 1981). Even the use of utmost care in hiring and delegating the duty to an independent contractor, such as a security

company, will not discharge the duty. *Id.*; *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1223, 925 P.2d 1175, 1179 (1996) ("[W]here a property owner hires security personnel to protect his or her premises and patrons, that property owner has a personal and nondelegable duty to provide responsible security personnel. . . . even if the property owner engaged a third party to hire the security personnel.").

Although Alcantara's complaint attempted to plead nondelegable duty as a separate cause of action, it is not an independent cause of action, but instead one way to establish the duty requirement for proving negligence. *See Armiger v. Associated Outdoor Clubs, Inc.*, 48 So. 3d 864, 869 (Fla. Dist. Ct. App. 2010) ("[A] claim based on the breach of a nondelegable duty is [not] a separate and distinct cause of action from a cause of action based on what [a party] termed 'active' or 'direct' negligence."). Thus, her attempt at asserting a nondelegable duty does not preclude application of issue preclusion, as the issue of Wal-Mart's liability based on negligence remains the same. Issue preclusion cannot be avoided by attempting to raise a new legal or factual argument that involves the same ultimate issue previously decided in the prior case. *See LaForge v. State, Univ. and Cmty. Coll. Sys. of Nev.*, 116 Nev. 415, 420, 997 P.2d 130, 134 (2000) ("Issue preclusion may apply 'even though the causes of action are substantially different, if the same fact issue is presented.'" (quoting *Clark v. Clark*, 80 Nev. 52, 56, 389 P.2d 69, 71 (1964))); *Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011) (stating that "[i]f a party could avoid issue preclusion by finding some argument it failed to raise in the previous litigation, the bar on successive litigation would be seriously undermined"); Restatement (Second) of Judgments, § 27 cmt. c (1982). The issue here of Wal-Mart's negligence for the

decedent's death is the same in both cases. The nondelegable duty is not separate and distinct from the negligence determination—it is based on the same facts. Because the issues are the same, we conclude that this element is met.

*The same parties or their privies*

"Issue preclusion can only be used against a party whose due process rights have been met by virtue of that party having been a party or in privity with a party in the prior litigation." *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 481, 215 P.3d 709, 718 (2009). The district court addressed the privity requirement in the context of its claim preclusion analysis and determined that privity existed between the estate and Alcantara because the estate adequately represented Alcantara's interest in the prior lawsuit, as provided in Restatement (Second) of Judgments section 41. The Restatement (Second) of Judgments section 41, provides that

> (1) A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party. A person is represented by a party who is:
>
> (a) The trustee of an estate or interest of which the person is a beneficiary; or
>
> (b) Invested by the person with authority to represent him in an action; or
>
> (c) *The executor, administrator, guardian, conservator, or similar fiduciary manager of an interest of which the person is a beneficiary*; or
>
> (d) An official or agency invested by law with authority to represent the person's interests; or
>
> (e) The representative of a class of persons similarly situated, designated as such with the

approval of the court, of which the person is a member.

(2) A person represented by a party to an action is bound by the judgment even though the person himself does not have notice of the action, is not served with process, or is not subject to service of process.

Exceptions to this general rule are stated in § 42.

(Emphasis added.)

Alcantara argues that she is not in privity with the estate and that the district court's reliance on the Restatement (Second) of Judgments section 41 for an example of privity is in error, as that section has not been adopted by this court. Wal-Mart counters that Alcantara, as a beneficiary of the estate, was adequately represented in the estate's litigation of Wal-Mart's alleged negligence in the prior action, rendering her in privity with the estate and subject to preclusion on that issue. Wal-Mart points out that Alcantara fails to explain why her parallel interests with the estate would alter the outcome, as regardless of who brought the issue before the court, the estate on her behalf failed to demonstrate negligence on Wal-Mart's part.

This court has not previously specifically addressed whether privity can be established through adequate representation as outlined in the Restatement (Second) of Judgments section 41. We take this opportunity to adopt the Restatement (Second) of Judgments section 41's examples of privity that arises when a plaintiff's interests are being represented by someone else. We do so because of our long-standing reliance on the Restatement (Second) of Judgments in the issue and claim

preclusion context[3] and because it provides a clear framework for determining whether privity exists under an adequate representation analysis.

In applying the Restatement section 41(1)(c) to this case, we conclude that Alcantara is in privity with the estate. While Alcantara was not a party to the prior action, the estate was representing Alcantara's beneficiary interests in the wrongful death recovery. There is no dispute here as to Alcantara's beneficiary status—she was listed as a beneficiary under the petition for administration. Alcantara was bound to the judgment because the estate represented her as an heir of the estate in the estate's action. This representation is sufficient for privity. *See Young v. Shore*, 588 F. Supp. 2d 544, 548-49 (D. Del. 2008) (relying on Restatement (Second) of Judgments § 41 (2008), to determine that because plaintiff is a beneficiary of the estate, she was in privity with the estate for purposes of the prior action and issue preclusion barred the subsequent action). Moreover, since the issue for determining relief under NRS 41.085(4) and

---

[3]*See, i.e., Frei v. Goodsell*, 129 Nev. ___, ___, 305 P.3d 70, 72 (2013) (relying on Restatement (Second) of Judgments § 27 cmt. d (1982)); *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 262 P.3d 1135, 1138-39 (2011) (relying on Restatement (Second) of Judgments § 24 cmt. g (1982) and on Restatement (Second) of Judgments § 26(1)(d) (1982)); *Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 576 (2010) (relying on Restatement (Second) of Judgments § 28(1) (1982)); *In re Sandoval*, 126 Nev. ___, ___, 232 P.3d 422, 424 (2010) (relying on Restatement (Second) of Judgments § 27 (1982)); *Bower*, 125 Nev. at 481-82, 215 P.3d at 718 (citing to Restatement (Second) of Judgments § 41 (1982)); *Five Star*, 124 Nev. at 1054 n.27, 1058 & n.46, 194 P.3d at 713 n.27, 715 & n.46 (relying on Restatement (Second) of Judgments § 19 (1982)).

SUPREME COURT
OF
NEVADA

(O) 1947A

NRS 41.085(5) is the same—Wal-Mart's negligence—the estate fully represented Alcantara's interests as to the issue of negligence.

Although a beneficiary can assert an independent cause of action from the decedent's estate's claim pursuant to NRS 41.085, as was the case here, the issue of liability is interrelated because both claims are based on the same wrong. The estate already represented its beneficiaries, including Alcantara, as to the determination of liability. Restatement (Second) of Judgments § 41 (1982). As a result, the privity requirement is met and, if the other factors are met, issue preclusion may apply to prevent relitigation of the issue concerning Wal-Mart's liability. This outcome is further supported by Restatement (Second) of Judgments section 46(3) and section 47. While these sections involve procedural scenarios different than this case, as section 46 deals with a situation in which a decedent brings a claim prior to his or her death and the beneficiaries then bring a separate claim after the decedent's death and section 47 involves a situation where after death two separate cases are brought under a survival statute and a death statute, the circumstances are sufficiently similar to the present case in regard to determining whether preclusion should apply. Both section 46(3) and section 47 state that preclusion will apply to a second case brought by a beneficiary of the decedent if the prior case brought by the decedent or the decedent's estate is unsuccessful. *See also* comment c to both section 46 and section 47. Accordingly, we determine that the privity element is satisfied here because the estate already represented Alcantara in the NRS 41.085(5) suit, of which she was a beneficiary.

*Actually and necessarily litigated*

The fourth factor concerns whether the issue was actually and necessarily litigated. "'When an issue is properly raised . . . and is

submitted for determination, . . . the issue is actually litigated.'" *Frei v. Goodsell*, 129 Nev. ___, ___, 305 P.3d 70, 72 (2013) (quoting Restatement (Second) of Judgments § 27 cmt. d (1982)). Whether the issue was necessarily litigated turns on whether "'the common issue was . . . *necessary to the judgment in the earlier suit.*'" *Id.* (quoting *Tarkanian*, 110 Nev. at 599, 879 P.2d at 1191. Resolving whether Wal-Mart was negligent was necessary to determine whether Wal-Mart was liable for the decedent's death in the previous case. As the previous case was determined on the merits, it is clear that the issue of Wal-Mart's negligence was actually and necessarily litigated in the prior action.

Based on the foregoing, we conclude that issue preclusion can apply to prevent Alcantara's lawsuit against Wal-Mart, as each of the necessary factors are met. This conclusion is supported by the analysis set forth in *Evans v. Celotex Corp.*, 238 Cal. Rptr. 259, 260 (Ct. App. 1987). In *Evans*, the decedent's heirs commenced a wrongful death action against a defendant who had already successfully defended a prior suit related to asbestosis brought when the decedent was alive. *Id.* The heirs argued that the emergence of new facts from, *inter alia*, the autopsy barred the application of collateral estoppel, that is, issue preclusion. *Id.* at 262. The court determined that because the new evidence "did not establish a previously undiscovered theory of liability nor did it denote a change in the parties' legal rights," it did not prevent the application of issue preclusion. *Id.* at 263. It explained that "[a]n exception to collateral estoppel cannot be grounded on the alleged discovery of more persuasive

evidence. Otherwise, there would be no end to litigation." *Id.* The court also rejected the heirs' argument that the issues in their lawsuit were not the same as those in the prior case, explaining that in both cases recovery depended on whether the defendant was liable for the injuries. *Id.* at 261. Further, the *Evans* court held that the heirs were in privity with the decedent, as their claims arose based on the same allegations against the defendant as the decedent's did, and the decedent adequately represented the heirs' interest in the prior action. *Id.* As a result, the court concluded that issue preclusion applied to bar relitigating the issue of the defendant's liability.

We follow the reasoning in *Evans* and determine that the finding of non-liability in the action brought by the estate bars relitigation of Wal-Mart's liability here. While the statute allows for the NRS 41.085(4) claims to be brought independently, the issue of negligence on the part of Wal-Mart was already litigated and a jury determined that Wal-Mart was not negligent. No new facts or issues arose after the estate litigated the issue of Wal-Mart's liability. Because the issue of Wal-Mart's negligence was properly raised in the case brought by the estate, we conclude that issue preclusion applies to prevent Alcantara from relitigating the issue of Wal-Mart's negligence. Therefore, we affirm the decision of the district court to dismiss this case.

_____, J.
Cherry

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre