# IN THE SUPREME COURT OF THE STATE OF NEVADA

ENERGETIC LATH & PLASTER, INC.;
AND ENERGETIC PAINTING &
DRYWALL, INC.,
Appellants,
vs.
ROBERT CIMINI; AND GAIL CIMINI,
Respondents.

No. 66657

FILED

DEC 22 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment, certified as final pursuant to NRCP 54(b), in a construction defect matter. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellants Energetic Lath & Plaster, Inc. (ELP) and Energetic Painting & Drywall, Inc. (EDP) worked as subcontractors for general contractor Silverstar Associates, Inc., in the construction of a home in Reno, Nevada owned by respondents, Robert and Gail Cimini. Both ELP and EDP were registered as foreign corporations in Nevada, naming an individual as their commercial registered agent. However, both of their business licenses expired and were not renewed.

The Ciminis sued Silverstar for design and construction defects; in turn, Silverstar filed a third-party complaint against the subcontractors, including ELP and EDP. Silverstar delivered its third-party complaint to ELP and EDP's commercial registered agent. ELP and EDP failed to respond to any pleadings and, as a result, the clerk of the district court entered defaults against both corporations.

16-39932

Thereafter, despite communication between ELP and EDP's claims adjustor and Silverstar's counsel, all subcontractors, except ELP and EDP, entered into a settlement agreement. One provision of this agreement assigned Silverstar's claims against ELP and EDP to the Ciminis.

ELP and EDP's insurer filed a notice of appearance and motion to set aside their defaults. The district court set an evidentiary hearing to resolve the issue of notice and service of process. The Ciminis then filed and served ELP and EDP an application for entry of default judgment and notice of hearing on the application.

At the evidentiary hearing, both ELP and EDP's construction contracts with Silverstar, containing indemnification provisions, were admitted into evidence. Ultimately, the district court denied the motion to set aside the default.

ELP and EDP now appeal and raise the following issues: (1) whether the district court abused its discretion by denying ELP and EDP's motion to set aside default; (2) whether the district court abused its discretion by admitting the contractual documents; and (3) whether the district court abused its discretion regarding damages and attorney fees.

First, ELP and EDP argue that Silverstar's third-party summons and complaint should have been delivered to their corporate officer instead of their registered agent. We disagree and conclude that service was proper; therefore, the district court did not abuse its discretion in denying ELP and EDP's motion to set aside the default.

"A court's decision regarding a motion to set aside a default judgment will not be disturbed absent an abuse of discretion." *McKnight*

*Family, LLP v. Adept Mgmt. Servs. Inc.*, 129 Nev., Adv. Op. 64, 310 P.3d 555, 559 (2013).

"In statutes, 'may' is permissive and 'shall' is mandatory . . . ." *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1303 n.17, 148 P.3d 790, 793 n.17 (2006) (internal quotation omitted). Pursuant to NRS 80.080, "[s]ervice of process on a foreign corporation . . . doing business in this State *shall* be made in the manner provided in NRS 14.020 . . . ." (Emphasis added). NRS 14.020(2) provides:

> All legal process and any demand or notice authorized by law to be served upon the corporation . . . may be served upon the registered agent listed as the registered agent of the entity in the records of the Secretary of State, personally or by leaving a true copy thereof with a person of suitable age and discretion at the most recent address of the registered agent shown on information filed with the Secretary of State . . . .

Moreover, service of process pursuant to NRS 14.020(2) "is valid regardless of whether the status of the entity in the records of the Secretary of State is in default or is revoked . . . if such process is served within 3 years after the entity's date of default."

As foreign corporations conducting business in Nevada, NRS 14.020(2) dictated service of process for ELP and EDP. Accordingly, Silverstar properly effectuated service of process by delivering the third-party complaint to ELP and EDP's registered agent within three years of the corporations' revocation. Therefore, the district court did not abuse its discretion in denying ELP and EDP's motion to set aside the default.

Second, ELP and EDP argue that the district court abused its discretion by admitting ELP's contract with Silverstar at the evidentiary hearing because it did not contain the indemnification provision, and also

did not contain signatures at the bottom of each page. We disagree and conclude that the district court did not abuse its discretion because no material parts were missing and there was substantial evidence of the parties' agreement.

"We review a district court's decision to admit or exclude evidence for an abuse of discretion, and we will not interfere with the district court's exercise of its discretion absent a showing of palpable abuse." *Frei v. Goodsell*, 129 Nev. 403, 408-09, 305 P.3d 70, 73 (2013) (internal quotation omitted).

Here, the missing portions of the ELP contract were nonessential. ELP's contract included the indemnification, high-quality workmanship, guarantee, and attorney fees provisions. Moreover, both ELP and Silverstar signed the signature page, and Nevada contract law did not require evidence that ELP sign each page. *See Roth v. Scott*, 112 Nev. 1078, 1083, 921 P.2d 1262, 1265 (1996) (acknowledging that an agreement between parties may be evidenced by "a written contract, signed by both parties, that includes [the] essential terms"). Further, the complete contract between EDP and Silverstar was also submitted into evidence. Comparison between this contract and ELP's contract failed to reveal any disparity and thus, validated that ELP's admitted contract was not missing any material terms. Therefore, the district court did not abuse its discretion by admitting ELP's contract with Silverstar.

Finally, as to the remaining issue, ELP and EDP argue that the district court abused its discretion in awarding damages and attorney fees. We conclude that ELP and EDP waived their argument regarding damages on appeal, and further conclude that district court did not abuse its discretion in awarding attorney fees.

 

As for damages, ELP and EDP do not dispute the percentage of their responsibility, but argue that the district court failed to identify the particular defects that accounted for their percentage. They further argue that sealing the settlement record between Silverstar and the other subcontractors prevented them from disputing their damages. ELP and EDP waived their argument regarding damages because they failed to raise the issue in the district court, and subsequently failed to respond to the Ciminis' argument regarding waiver in their reply brief on appeal. "A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Therefore, this court will not address whether the district court abused its discretion in awarding damages.[1]

As for attorney fees, the district court had authority to award the Ciminis pursuant to NRS 40.655. *See Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 427, 132 P.3d 1022, 1034 (2006) ("Under NRS 40.655(1), attorney fees are recoverable 'to the extent proximately caused by a constructional defect.'"). Further, the district court evaluated the *Brunzell* factors, which supports our conclusion that it did not abuse its discretion. *See Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 455 P.2d 31 (1969) (setting forth the factors the district court must consider in exercising its

---

[1]Further, this case is distinguishable from *Love v. Love*, where this court reversed the award of attorney fees based upon sealed billing statements. 114 Nev. 572, 582, 959 P.2d 523, 529 (1998). Here, the district court's award was not necessarily based upon the sealed settlement because additional evidence of damages was presented at the evidentiary hearing, which ELP and EDP attended.

discretion in awarding attorney fees). As to any of the remaining issues, we conclude that the district court did not abuse its discretion.[2]

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc: Hon. Connie J. Steinheimer, District Judge
Paul F. Hamilton, Settlement Judge
Chiu & Associates
Lemons, Grundy & Eisenberg
Nancy A. Gilbert, Esq.
Leverty & Associates Law, Chtd.
Washoe District Court Clerk

---

[2]We have considered the Ciminis' argument that ELP's and EDP's insurer lacks standing, and conclude that it is without merit. This court need not consider claims that are not cogently argued or supported by relevant authority. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).