IN THE SUPREME COURT OF THE STATE OF NEVADA

PEDRO GALLARDO-RECENDEZ,
INDIVIDUALLY,
Appellant,
vs.
JAMES ELY,
Respondent.

No. 78077

FILED

OCT 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a final judgment and post-judgment order denying a motion for a new trial in a tort action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Appellant Pedro Gallardo-Recendez was driving a pickup truck when he struck respondent James Ely's sedan. Ely, who sustained severe injuries, sued Gallardo-Recendez for negligence and gross negligence. The jury awarded Ely $205,000 for past injuries and $225,000 for future injuries. Gallardo-Recendez moved for a new trial, but the district court denied the motion. Reviewing the district court's denial of a motion for a new trial for an abuse of discretion, *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 74, 319 P.3d 606, 611 (2014), we affirm.

NRCP 59(a) (2017)[1] lists several grounds upon which a new trial may be warranted, including "abuse of discretion by which either party

---

[1]The Nevada Rules of Civil Procedure were amended in 2018, effective prospectively on March 1, 2019, after the trial in this case. *See In re Creating a Comm. to Update and Revise the Nev. Rules of Civil Procedure*, Docket No. ADKT 0522 (Order Amending the Rules of Civil Procedure, the

was prevented from having a fair trial." "However, even if one of NRCP 59(a)'s new-trial grounds has been established, the established ground must have materially affect[ed] the substantial rights of [the] aggrieved party to warrant a new trial." *Pizarro-Ortega v. Cervantes-Lopez*, 133 Nev. 261, 263-64, 396 P.3d 783, 786 (2017) (alteration in original) (internal quotation marks omitted).

We agree with Gallardo-Recendez's argument that the district court abused its discretion in admitting portions of Dr. Lanzkowsky's testimony. *See Frei v. Goodsell*, 129 Nev. 403, 408-09, 305 P.3d 70, 73 (2013) (providing that a district court's decision to admit testimony is reviewed for an abuse of discretion). Permitting Dr. Lanzkowsky's testimony as to past medical expenses was improper to the extent that the testimony relied on other physicians' undisclosed medical bills and exceeded the scope of Dr. Lanzkowsky's treatment. *See* NRCP 16.1(a)(1) (2017)[2] (providing that a party must disclose documents it uses to support its claims); *FCH1, LLC v. Rodriguez*, 130 Nev. 425, 433-34, 335 P.3d 183, 189-90 (2014) (explaining that a plaintiff must disclose any documents a treating physician reviewed in forming his opinion and provide an expert report when a treating

---

Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). In this order, we refer to the pre-amendment version of the rules.

[2]We note that a specific discovery rule for treating physicians was added to the Nevada Rules of Civil Procedure after the trial in this case. *See In re Creating a Comm. to Update and Revise the Nev. Rules of Civil Procedure*, Docket No. ADKT 0522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018) (creating NRCP 16.1(a)(2)(D)).

physician testifies outside the scope of treatment). Furthermore, permitting Dr. Lanzkowsky's testimony as to future medical expenses was improper because Ely failed to disclose a computation of future damages.[3] *See* NRCP 16.1(a)(1)(C) (2017) (providing that a party must provide a "computation of any category of damages claimed"); *Pizarro-Ortega*, 133 Nev. at 265, 396 P.3d at 787 (holding that the rule requiring a plaintiff to produce a computation of damages applies to a claim for future medical expenses).

We conclude, however, that under NRCP 59(a), the district court's abuse of discretion did not materially affect Gallardo-Recendez's substantial rights such to warrant a new trial. Dr. Lanzkowsky's improper testimony as to past medical expenses was harmless because Gallardo-Recendez's own medical expert testified to the reasonableness of the medical bills. The testimony therefore did not materially affect Gallardo-Recendez's substantial rights.

Dr. Lanzkowsky's improper testimony as to future medical expenses, without a computation of damages, was also harmless. Gallardo-Recendez had sufficient notice that Ely would allege at trial that additional surgeries were required. He had ample opportunity to depose Dr. Lanzkowsky, prepare a cross-examination, and question additional witnesses on the necessity and costs of such surgery. Gallardo-Recendez's

_____

[3]We conclude that the district court did not abuse its discretion, however, in permitting Dr. Lanzkowsky's testimony as to Ely's future pain and suffering because this prognosis was within the scope of Dr. Lanzkowsky's treatment. *See Pizarro-Ortega*, 133 Nev. at 264-65, 396 P.3d at 787. Additionally, the district court did not abuse its discretion in permitting testimony as to Gallardo-Recendez's alleged intoxication because such testimony was probative of Gallardo-Recendez's negligence and not substantially outweighed by unfair prejudice. *See* NRS 48.035(1).

own medical expert had the chance to give his opinion on whether surgery was necessary and even testified that surgery costs would be higher than Dr. Lanzkowsky estimated. Dr. Lanzkowsky's testimony was therefore harmless and did not materially affect Gallardo-Recendez's substantial rights.

Furthermore, we reject Gallardo-Recendez's argument that the jury verdict was unsupported by admissible evidence. "In reviewing a jury verdict, [t]his court upholds a jury verdict if there is substantial evidence to support it, but will overturn it if it was clearly wrong from all the evidence presented." *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 308, 212 P.3d 318, 324 (2009) (internal quotation marks omitted). There was substantial evidence to support a jury's award for future pain and suffering, including Dr. Lanzkowsky's admissible testimony on Ely's future pain. The jury verdict form did not separate future injuries into future medical expenses and future pain and suffering. Thus, disregarding Dr. Lanzkowsky's testimony on future medical expenses, we determine that substantial evidence supported the jury's verdict.

Ultimately, the jury discredited Gallardo-Recendez's expert's opinion that Ely's injury was not caused by the car accident and that surgery would be purely elective. There is no indication that Gallardo-Recendez was unable to meaningfully contest the amount of damages the jury awarded. *See Pizarro-Ortega*, 133 Nev. at 266, 396 P.3d at 788 (holding that a new trial was not warranted because the appellant provided no indication as to what additional testimony or evidence would have been presented regarding surgery costs). Therefore, because the district court's abuse of discretion did not materially affect Gallardo-Recendez's substantial rights and the jury's verdict was supported by substantial

evidence, the district court correctly denied Gallardo-Recendez's motion for a new trial.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Joseph Hardy, Jr., District Judge
       Jay Young, Settlement Judge
       Messner Reeves LLP
       Law Office of Andrew M. Leavitt, Esq.
       Eighth District Court Clerk