**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURIE ALEXANDER, | No. 22-55588 |
| *Plaintiff-Appellant*, | D.C. No. 5:19-cv-01359-DSF-SP |
| v. | |
| DAU V. NGUYEN, M.D., in his individual capacity, | OPINION |
| *Defendant-Appellee*. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 5, 2023
Pasadena, California

Filed August 25, 2023

Before: Milan D. Smith, Jr., David F. Hamilton,[*] and
Daniel P. Collins, Circuit Judges.

Opinion by Judge David F. Hamilton

---

[*] The Honorable David F. Hamilton, United States Circuit Judge for the
U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

# SUMMARY[**]

## Pretrial Detainees/Substantive Due Process

The panel affirmed, on the merits rather than based on the defense of qualified immunity, the district court's summary judgment in favor of Dr. Dau Nguyen, a psychiatrist at Patton State Hospital in California, in Surie Alexander's 42 U.S.C. § 1983 action alleging that he was twice attacked by a fellow patient while he was a pretrial detainee and a patient at the Hospital.

Alexander sued Nguyen for injuries from the second attack, alleging that Dr. Nguyen violated his Fourteenth Amendment right to substantive due process. Alexander argued that Dr. Nguyen denied him appropriate medical care in violation of his Fourteenth Amendment rights under *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018), which requires a plaintiff to "prove more than negligence but less than subjective intent—something akin to reckless disregard," while Dr. Nguyen argued that the proper inquiry was whether Alexander was deprived of safe conditions under *Youngberg v. Romeo*, 457 U.S. 307 (1982), which requires a finding of conscious indifference amounting to gross negligence.

The panel determined that both tests ask whether Dr. Nguyen's conduct was reasonable, and both require Alexander to show that Dr. Nguyen's conduct was worse than negligent. The panel held that under either test, Alexander offered no evidence that Dr. Nguyen failed to act

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

reasonably, let alone that he was "more than negligent" in not transferring Alexander or the other patient after the first attack. Although Alexander was attacked a second time, the evidence showed that Dr. Nguyen's responses to both incidents were thorough and careful. Accordingly, the panel found no violation of Alexander's constitutional rights.

## COUNSEL

Zulu Ali (argued), Law Office of Zulu Ali, Riverside, California, for Plaintiff-Appellant.

Thomas M. McMahon (argued), Deputy Attorney General; Donna M. Dean, Supervising Deputy Attorney General; Pamela L. Holmes, Acting Senior Assistant Attorney General; Rob Bonta, California Attorney General; California Attorney General's Office, Los Angeles, California, for Defendant-Appellee.

**OPINION**

HAMILTON, Circuit Judge:

While plaintiff Surie Alexander was a pretrial detainee and a patient at Patton State Hospital in California, he was twice attacked by a fellow patient. He sued Dr. Dau Nguyen, the psychiatrist in charge of his unit, under 42 U.S.C. § 1983 for injuries from the second attack, alleging that Dr. Nguyen violated his Fourteenth Amendment right to substantive due process. The district court granted Dr. Nguyen's motion for summary judgment based on the defense of qualified immunity. We affirm summary judgment on Alexander's claim, basing our decision on the merits of the claim rather than qualified immunity.

I. *Factual and Procedural Background*

We state the facts relevant for purposes of summary judgment, giving Alexander as the non-moving party the benefit of conflicts in the evidence and reasonable inferences that can be drawn from the evidence. *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). On February 7, 2017, Alexander was admitted to Patton State Hospital to determine whether he was competent to stand trial on a criminal charge. He was assigned to Unit 72, where he was treated by Dr. Nguyen, the unit psychiatrist. Hospital staff diagnosed Alexander with aphasia, which is the loss of the ability to understand or express speech due to brain damage. Alexander was initially deemed incompetent to stand trial, and staff in Unit 72 began working with him to restore his competency.

On April 29, 2017, another patient in Unit 72 struck Alexander twice on the left side of the head with his fist.

Alexander was treated by nursing staff, who noted redness on the left side of his face but observed no bleeding, bruising, swelling, or adverse neurological impacts.

A special incident report was prepared, and the professional staff of Unit 72 met to discuss what action should be taken to prevent further violence between Alexander and the patient who attacked him. When patient-on-patient violence occurs in a state hospital, the standard of care does not require automatic transfer of one of the patients to a different unit. The undisputed evidence in this record shows instead that providers must carefully weigh several factors to determine the best course of action for the patients and the hospital. These factors include the severity of the assault, whether there were prior assaults or threats between the two patients, whether the patients can be counseled to avoid further violence, whether the victim feels safe remaining in his current unit, and whether the victim would enjoy greater well-being in a different unit.

Dr. Nguyen initially recommended that Alexander be transferred to a unit for fragile patients, but Alexander did not meet the requirements. After consulting with other members of the Unit 72 staff, Dr. Nguyen ultimately decided that Alexander should not be moved to a different unit. Dr. Nguyen's decision was based on his conclusions that (1) the assault was not particularly severe, (2) there had been no prior incidents between the two patients, (3) Alexander and the other patient were counseled on the need to refrain from further violence and both agreed, (4) when asked, Alexander said that he felt safe in Unit 72 and did not want to be transferred, and (5) there was no reasonable likelihood that Alexander's well-being would be improved by transfer to a different unit. Dr. Nguyen and the staff also decided to adjust the medication of the patient who attacked Alexander

and altered that patient's access to the dining room to limit his interactions with Alexander.

On May 10, 2017, however, the same patient struck Alexander with his fists again, this time on the right side of his head. Alexander was immediately treated by staff, who noted slight discoloration and swelling near his lower right eyelid and a superficial scratch. He did not suffer any neurological damage, and an x-ray showed no break or fracture. Eight days after the incident, Alexander complained of intermittent pain in his right eye. He was evaluated by an ophthalmologist, who prescribed an ointment for eyelid abrasion and Motrin for pain and recommended further monitoring by hospital staff.

After the May 10 attack, another special incident report was prepared, and in consultation with the staff in Unit 72, Dr. Nguyen again weighed relevant factors to determine the best course of action. Immediately after the attack, staff had placed the aggressor patient in restraints and assigned a staff member to supervise him one-on-one, but the staff did not consider these to be feasible, long-term solutions. The staff also did not believe that adjusting the patient's medication or limiting his access to the dining room would prevent further acts of violence. Alexander continued to say that he felt safe in Unit 72 and that he did not want to be transferred. Nevertheless, based principally on the fact that the patient had attacked Alexander twice, Dr. Nguyen and the staff in Unit 72, with the agreement of Alexander's wife, decided to transfer him to a different unit.

Alexander was transferred to Unit 71 on May 17, 2017. Hospital records indicate no further violence between Alexander and the aggressor patient or any other patient or staff member. Alexander was released from Patton State

Hospital in late February 2018 after staff determined he was competent to stand trial.

Alexander then filed this suit against Dr. Nguyen under 42 U.S.C. § 1983 alleging a violation of his Fourteenth Amendment right to substantive due process. Dr. Nguyen moved for summary judgment, arguing (a) that the undisputed facts showed no violation of Alexander's constitutional rights, and (b) that in any event Dr. Nguyen was entitled to qualified immunity.

Dr. Patricia Tyler, a licensed psychiatrist with substantial experience treating patients within the California State Hospital system, provided an affidavit in support of Dr. Nguyen's motion. Dr. Tyler is familiar with the standard of care applicable to hospitals and medical providers responding to incidents of patient-on-patient violence. According to Dr. Tyler, the reasonable and customary standard of care in such cases is to conduct a timely review of the incident, to perform a risk assessment to determine what caused the incident, and to consider and coordinate reasonable actions to prevent further violence, while considering the impact of any action on patient care. This decision process requires providers to weigh various factors, including the severity of the incident, any prior incidents of violence against patients or staff involving the aggressor patient, whether medication or schedule changes could prevent further acts of violence, whether the patients involved could be counseled to avoid retaliation and further violence, the availability of appropriate treatment beds in other units and the level of aggression or risk of aggression in those units, and victim and family preferences. Dr. Tyler opined that Dr. Nguyen met and exceeded the standard of care for responding to patient-on-patient aggression after

both incidents. Plaintiff Alexander has not offered any evidence disputing this evidence of the standard of care.

The district court granted Dr. Nguyen's motion for summary judgment. The court did not decide whether Alexander's constitutional rights were violated but concluded that Dr. Nguyen was entitled to qualified immunity because it was not clearly established that his actions violated the Constitution.

## II. *Jurisdiction and Standard of Review*

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Nehad*, 929 F.3d at 1132. As noted, in reviewing a grant of summary judgment, we view all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate where the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Rice v. Morehouse*, 989 F.3d 1112, 1120 (9th Cir. 2021).

## III. *Analysis*

A government official is entitled to qualified immunity "unless the plaintiff raises a genuine issue of fact showing (1) 'a violation of a constitutional right,' and (2) that the right was 'clearly established at the time of [the] defendant's alleged misconduct.'" *Evans v. Skolnik*, 997 F.3d 1060, 1064 (9th Cir. 2021) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). The court may address these issues in either order. *Id.* at 1064–66.

This court tends "to address both prongs of qualified immunity where the two-step procedure promotes the development of constitutional precedent in an area where

this court's guidance is … needed." *Martinez v. City of Clovis*, 943 F.3d 1260, 1270 (9th Cir. 2019) (quoting *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602 (9th Cir. 2019) (internal quotation marks omitted)). Because the law governing pretrial detainees' claims of inadequate medical care and other dangerous conditions of confinement is still developing in the wake of the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), we address the first prong, which is decisive here. We need not discuss qualified immunity separately.

Alexander argues that he can prove that Dr. Nguyen denied him appropriate medical care in violation of his Fourteenth Amendment rights under the test set forth in *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). Dr. Nguyen argues that the proper inquiry is whether Alexander was deprived of safe conditions under the test in *Youngberg v. Romeo*, 457 U.S. 307 (1982). These tests differ only slightly. Both ask whether Dr. Nguyen's conduct was reasonable, and both require Alexander to show that Dr. Nguyen's conduct was worse than negligent. The undisputed facts show that Alexander cannot meet this burden under either phrasing.

*Gordon* followed *Kingsley* and held that claims for violations of the right to adequate medical care brought by pretrial detainees are to be evaluated under an objective deliberate indifference standard. 888 F.3d at 1124–25. To prevail on such a claim, the pretrial detainee must prove: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have

appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125. *Gordon* made a significant point regarding the third element: "mere lack of due care by a state official" is not enough to show a constitutional violation. *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (internal quotation marks omitted)). The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro*, 833 F.3d at 1071).

In *Youngberg,* the Supreme Court held that patients committed involuntarily to state hospitals have a constitutional right to safe conditions. 457 U.S. at 315–16. Claims alleging violations of that right are evaluated under a professional judgment standard. Under this standard, decisions made by appropriate professionals are "presumptively valid," and liability "may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323. The standard from *Youngberg* thus considers whether a hospital official's conduct "diverges from that of a reasonable professional." *Ammons v. Washington Dep't of Social & Health Servs.*, 648 F.3d 1020, 1027 (9th Cir. 2011). To impose liability, the professional judgment standard requires a "finding of conscious indifference amounting to gross negligence." *Estate of Conners by Meredith v. O'Connor*, 846 F.2d 1205, 1208 (9th Cir. 1988).

This case does not depend on any nuanced differences between these standards. Alexander has offered no evidence

that Dr. Nguyen failed to act reasonably, let alone that he was "more than negligent" when he decided not to transfer Alexander or the other patient after the April 29 incident. Undisputed evidence shows that Dr. Nguyen's response to the first attack on Alexander was reasonable (as was his response to the second). Though Alexander was, regrettably, attacked a second time, the evidence shows that Dr. Nguyen's responses to both incidents were thorough and careful.

After each incident, hospital staff investigated and memorialized their findings in a report. Dr. Nguyen consulted with other professionals to determine the best course of action. He considered relevant factors and evaluated the risk of future violence against Alexander, as well as the effect of a transfer on Alexander's treatment. Dr. Nguyen and his staff also implemented measures to reduce the likelihood of future incidents, including adjusting the aggressor's medication and his access to the dining room when Alexander would be there. The declaration of Dr. Tyler, who has substantial experience treating patients in state hospitals and is familiar with the standard of care for responding to patient-on-patient violence, confirmed that Dr. Nguyen's conduct complied with, and in fact exceeded, accepted professional standards. Whether evaluated under *Gordon* or under *Youngberg*, Dr. Nguyen's conduct was reasonable and did not violate Alexander's constitutional rights.

Alexander's arguments to the contrary do not establish a genuine dispute of material fact. He criticizes Dr. Nguyen's decision to keep him in Unit 72 after the first attack, but the benefit of hindsight from the fact that Alexander was attacked a second time does not show that Dr. Nguyen's original decision was unreasonable. Alexander is arguing,

in effect, for a standard of strict liability for a second incident. That would not be consistent with the law in *Youngberg* or *Gordon*, or *Kingsley*, for that matter. The undisputed facts show that Dr. Nguyen based his decision on relevant factors, including whether a transfer would be conducive to Alexander's treatment, and he took several measures to reduce the likelihood of further aggression. Alexander also argues that Dr. Nguyen should not have relied on Alexander's stated desire to stay in Unit 72 given his aphasia, but even assuming that Alexander was unable to express his wishes clearly, his stated preference was only one of several factors that Dr. Nguyen considered. Nothing in the record would allow a reasonable jury to find that Dr. Nguyen unreasonably relied solely—or even principally—on Alexander's stated preference when deciding not to transfer him after the first attack. Because the undisputed facts show that Dr. Nguyen acted reasonably in response to the April 29 incident, we find no violation of Alexander's constitutional rights.

Accordingly, the judgment of the district court is AFFIRMED.