NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAZMIK HOVSEPYAN, et al., | No. 22-16277 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-00899-MCE-CKD |
| v. | Eastern District of California, Sacramento |
| GEICO General Insurance Company, | |
| Defendant-Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Morrison England, Jr., District Judge, Presiding

Submitted December 13, 2023**
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

Plaintiffs Razmik Hovsepyan, Suren Hovsepyan, and Shushanik

Paskevichyan (collectively, "plaintiffs") appeal the district court's order granting

summary judgment in favor of GEICO General Insurance Company ("GEICO").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Our review of a district court's ruling on a summary judgment motion is de novo. *Alexander v. Nguyen*, 78 F.4th 1140, 1144 (9th Cir. 2023). A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper where the undisputed material facts demonstrate a claim is time-barred." *Bennett v. Ohio Nat'l Life Assurance Corp.*, 309 Cal. Rptr. 3d 780, 784 (Ct. App. 2023).

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing ("breach of the implied covenant claim") was barred by the statute of limitations.[1] The parties agree that the statute of limitations for a breach of the implied covenant claim is two years. *Archdale v. Am. Int'l Specialty Lines Ins. Co.*, 64 Cal. Rptr. 3d 632, 647 n.19 (Ct. App. 2007). Plaintiffs filed their complaint in state court against GEICO on September 18, 2018, alleging that GEICO breached the implied covenant of good faith and fair dealing in its handling of plaintiffs' uninsured motorist claims following a February 2015 car

---

[1] Plaintiffs' opposition to summary judgment in the district court did not discuss the statute of limitations. This Court applies a "'general rule' against entertaining arguments on appeal that were not presented or developed before the district court." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998) (quoting *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985)). Therefore, we decline to consider plaintiffs' arguments on this issue raised for the first time on appeal.

accident. Therefore, to fall within the statute of limitations, plaintiffs' breach of the implied covenant claim must have accrued on or after September 18, 2016.

A claim accrues when "events have developed to a point where plaintiff is entitled to a legal remedy." *Davies v. Krasna*, 535 P.2d 1161, 1168 (Cal. 1975). A breach of the implied covenant claim "does not accrue until the damages have been sustained." *Bennett*, 309 Cal. Rptr. 3d at 784 (quoting *Thomson v. Canyon*, 129 Cal. Rptr. 3d 525, 533 (Ct. App. 2011)). "[K]nowledge of the *facts*, rather than knowledge of the available legal theories or remedies, starts the statute of limitations." *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 249 (Ct. App. 1990) (emphasis in original).

Here, Plaintiffs were aware of the facts supporting their breach of the implied covenant claim by April of 2016. First, plaintiffs contend that GEICO breached the implied covenant because GEICO took no meaningful action toward communicating with the plaintiffs or resolving plaintiffs' uninsured motorist claims in the months after the accident. However, the record shows that GEICO attempted to communicate with plaintiffs and resolve plaintiffs' uninsured motorist claims by requesting medical release forms and contacting plaintiffs' counsel about plaintiffs' medical treatment status at least eight times in the six months after the car accident.

Second, Plaintiffs contend that GEICO breached the implied covenant by

3

extending delayed and unreasonably low settlement offers. However, the record shows that plaintiffs were aware of this alleged breach on or before April 15, 2016, when plaintiffs' counsel sent a letter to GEICO alleging that GEICO's low settlement offers constituted "bad faith."

Finally, plaintiffs contend that GEICO breached the implied covenant by spending "nearly a year investigating Plaintiffs' [uninsured motorist] claims" without explaining the reason for its "delay to do an independent medical examination." However, in plaintiffs' counsel's April 15, 2016 letter, counsel complained that GEICO had not yet ordered independent medical examinations of the plaintiffs, which shows plaintiffs' counsel's knowledge of the allegedly dilatory progress of GEICO's investigation. In that letter, counsel also stated that he was collecting "further evidence for my client's subsequent insurance bad faith claim."

As further confirmation that plaintiffs were aware of their breach of the implied covenant claim in April of 2016, plaintiffs' counsel testified in his deposition that he "one hundred percent" believed that GEICO had breached the implied covenant of good faith and fair dealing in "April of 2016."

Plaintiffs also sustained the alleged harm in April of 2016. In their response to GEICO's statement of undisputed facts in support of summary judgment, plaintiffs did not dispute that "they suffered immediate harm as a result of

4

GEICO's alleged bad faith in April 2016 in the form of personal liability for medical expenses."

There is no genuine dispute of material fact as to when plaintiffs' breach of the implied covenant claim accrued. Because the claim accrued in April of 2016, the two year state of limitations bars the claim, and GEICO is entitled to summary judgment.

**AFFIRMED**.