NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EL AL ISRAEL AIRLINES, LTD.,

    Plaintiff-Appellant,

 v.

SWISSPORT USA, INC.,

    Defendant-Appellee.

No. 23-15636

D.C. No.
2:21-cv-00517-GMN-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted March 4, 2024
Las Vegas, Nevada

Before:  M. SMITH, BENNETT, and COLLINS, Circuit Judges.

El Al Israel Airlines, Ltd. ("El Al") appeals the district court's grant of

summary judgment to Swissport USA, Inc. ("Swissport").  We have jurisdiction

under 28 U.S.C. § 1291 and review the grant of summary judgment de novo, drawing

all reasonable inferences in El Al's favor.  *See Alexander v. Nguyen*, 78 F.4th 1140,

1144 (9th Cir. 2023).  Because the parties are familiar with the facts, we do not

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

recount them here, except as necessary to provide context to our ruling. We reverse and remand.

As relevant here, the parties' contract allows El Al to obtain consequential damages from Swissport, but only if El Al can show that Swissport acted "recklessly and with the knowledge that damage . . . would probably result." The district court found that El Al presented no evidence to support the knowledge element and thus granted summary judgment to Swissport. El Al argues that circumstantial evidence in the record would allow a reasonable trier of fact to find that the Swissport employee, Vladimir Bocalbos, had the requisite subjective knowledge that damage would probably result to the aircraft.[1] Swissport counters that El Al forfeited this argument by failing to raise it below, and even if not forfeited, that the district court's determination was correct.

There was no forfeiture because El Al's argument was "raised sufficiently for the trial court to rule on it." *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989). El Al argued below that "the evidence . . . demonstrate[d] that Swissport acted recklessly *with knowledge* that the damage that did result would result" (emphasis added). El Al further claimed that "[t]he undisputed evidence proves that Swissport acted recklessly *knowing* that damages, delay, or loss would probably

---

[1] There is no dispute that El Al presented sufficient evidence of recklessness to survive summary judgment.

2

result" (emphasis added).  El Al also identified evidence supporting the knowledge element, as it noted that "Bocalbos repeatedly attempted to reposition the B787 aircraft because he knew he was positioned improperly" and nevertheless "proceeded with the pushback without the wing walkers' assistance."[2]  Given the record, El Al sufficiently made the argument that there was a genuine dispute over whether Swissport had the requisite knowledge that damage would probably result from its actions.

Viewing the evidence in El Al's favor, there is sufficient circumstantial evidence to support a reasonable inference that Bocalbos knew that damage would probably result from his actions.  Bocalbos knew that wing walkers were required to safely push the aircraft into its parking position.  Photographs in the record also suggest that he knew of the nearby light pole.  Even so, Bocalbos proceeded to push back and maneuver the aircraft without any wing walkers, and at some point, realized that the aircraft was severely misaligned.  Even with this knowledge, Bocalbos continued to maneuver the aircraft until it crashed into the light pole.  A factfinder could conclude that because these circumstances made it so obvious that damage would probably result, Bocalbos himself subjectively knew that damage would probably result.  *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("Whether a

---

[2] Wing walkers are individuals who communicate with the tow driver to ensure that aircraft are moved on the ground safely.

[defendant] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.").  Thus, there is a genuine dispute of material fact that precludes summary judgment, and the case must proceed to trial.[3]

**REVERSED AND REMANDED.**

---

[3] Nothing in this disposition limits El Al to Swissport employee *Bocalbos's* knowledge in proving that *Swissport* acted "recklessly and with the knowledge that damage . . . would probably result."  El Al may present any relevant admissible evidence to prove that contractual standard.