**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON SINCLAIR BRUCE, | No. 24-5453 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00115-JES-JLB |
| v. | |
| XAVIER BECERRA, Secretary, U.S. Department of Health and Human Services, | ORDER |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
James E. Simmons, Jr., District Judge, Presiding

Argued and Submitted October 6, 2025
Pasadena, California

Before: GILMAN,** GOULD, and KOH, Circuit Judges.

The Memorandum Disposition filed on October 24, 2025 is amended and

filed concurrently with this order. The Petition for Rehearing is otherwise

DENIED, and no further petitions for rehearing will be accepted.

---

** The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BRANDON SINCLAIR BRUCE, | No. 24-5453 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00115-JES-JLB |
| v. | AMENDED MEMORANDUM[*] |
| XAVIER BECERRA, Secretary, U.S. Department of Health and Human Services, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
James E. Simmons, Jr., District Judge, Presiding

Argued and Submitted October 6, 2025
Pasadena, California

Before: GILMAN,[**] GOULD, and KOH, Circuit Judges.

Brandon Sinclair Bruce applied for a promotion to one of several available

GS-14 Regulatory Counsel positions in the Center for Tobacco Products ("CTP"),

which is embedded within the Department of Health and Human Services

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

("HHS"). He was not selected. Bruce, who is Black, then brought race-discrimination and retaliation claims against HHS under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*.

The district court granted summary judgment in favor of HHS on both claims. Bruce has appealed. We have jurisdiction under 28 U.S.C. § 1291, and we review the grant of summary judgment de novo, *Alexander v. Nguyen*, 78 F.4th 1140, 1144 (9th Cir. 2023). For the reasons set forth below, we **AFFIRM** the judgment of the district court as to Bruce's race-discrimination claim, but **REVERSE** its judgment as to Bruce's retaliation claim and **REMAND** the latter claim for further proceedings.

1. The district court did not err in granting summary judgment on Bruce's race-discrimination claim. Under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), Bruce failed to show that the reason proffered by HHS for not promoting him— "the quality of the candidates," including the candidates' interview scores—was a pretext designed to mask race discrimination. We have found that a plaintiff can show a genuine dispute of material fact as to pretext when the plaintiff's qualifications are "clearly superior" to the selected candidates' qualifications. *See Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1492 (9th Cir. 1995).

2

Here, Bruce's qualifications are not "clearly superior" to the candidates selected by HHS. He holds B.A., J.D., and LL.M. degrees, as well as a Contracting Officer's Representative Level III Certificate, and had at the time almost five years of experience as a Regulatory Counsel at the Office of Compliance and Enforcement ("OCE"). But each of the selected candidates also had at least five years of experience at the OCE, working with the OCE, or as a Regulatory Counsel. And three of the selected candidates likewise hold J.D. degrees, and one has an LL.M. as well. Although one selected candidate does not hold a J.D. degree, he has a Paralegal Certificate and a B.A. degree, as well as a Program/Project Management Level II Certificate and a Contracting Officer's Representative Level III Certificate. That candidate also has extensive knowledge of and experience with federal contracting, especially in the private sector, which was valued by the HHS division that selected him. Although Bruce also had experience with federal contracting, his experience was not in the private sector.

Under these circumstances, Bruce's qualifications are not "clearly superior" to the selected candidates, and therefore do not support an inference of race discrimination. *See Blue v. Widnall*, 162 F.3d 541, 546 (9th Cir. 1998) ("'The closer the qualifications of the candidates, the less weight the court should give to perceived differences in qualifications in deciding whether the proffered explanations were pretextual.'" (quoting *Odima*, 991 F.2d at 602)).

3

We have also held that deviations from an employer's established policy or practice can support an inference of pretext. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1214 (9th Cir. 2008). Bruce alleges that HHS deviated from its established policy or practice in not coming to a consensus interview rating, but he did not offer any evidence that HHS was bound by or typically followed the Office of Personnel Management's "Practical Guide to Structured Interviews" that recommends coming to a consensus.

Bruce further contends that HHS deviated from its established policy or practice of asking all candidates for references when it asked for references only from himself and Thomas Lawson, another candidate who is Black. HHS's nondiscriminatory reason for doing so is genuinely disputed, but the dispute is not material because Lawson was in fact one of the selected candidates. In addition, Bruce does not explain how HHS's request for references disadvantaged him. Any inference of race discrimination based on who was asked for references is thus negated.

Finally, the fact that HHS selected another candidate who is Black tends to show that HHS's reasons for not selecting Bruce were based on factors other than his race. *See Lyons v. England,* 307 F.3d 1092, 1117 (9th Cir. 2002) (noting that evidence that the employer selected two members of the plaintiffs' protected class "helps to frame the dispute").

4

2. We find more merit in Bruce's retaliation claim. For a plaintiff to establish a prima facie case of retaliation, he must put forth evidence that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there is a causal link between the protected activity and the adverse employment action. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008). The district court erred in concluding that Bruce could not establish a causal link because of the time that had passed between his protected activity— based on several complaints that he had filed with the Equal Employment Opportunity Commission ("EEOC")—and the adverse employment action.

Proximity in time is not essential to establish causation. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005) (noting that although "lack of temporal proximity may make it more difficult to show causation," "causality is [not] dependent, as a matter of law, on temporal proximity" (citation omitted)).

Here, Bruce presented other circumstantial evidence from which a jury could infer causation. In particular, Bruce was interviewed by three individuals in April 2020: Michelle Jackson, Steve Hilbert, and Elenita Ibarra-Pratt. Jackson led the interview. Several of Bruce's prior EEOC complaints had named Jackson as the supervisor who had discriminated against him. At a hearing in July 2019, Administrative Law Judge David Norken found that Jackson had indeed discriminated against Bruce, and he ordered HHS "to provide four hours of

5

training to the Agency officials who discriminated against Complainant, . . . [including] Michele [sic] Jackson, . . . regarding the Agency's obligation to provide employees reasonable accommodation and for the Agency to consider disciplining . . . Jackson . . . ." Another interviewer, Hilbert, wrote in his interview notes: "removed unlawfully" and "deal with awol and harassment – look."

Bruce's combined interview score was just one point lower than two of the selected candidates' combined scores. Hilbert interviewed each of the candidates that HHS eventually selected and assigned Bruce the lowest score of the candidates. Jackson interviewed two of the candidates that HHS eventually selected and assigned Bruce a lower score than she assigned to one of the candidates selected. The closeness of the interview scores, combined with Jackson's involvement in past discrimination against Bruce and the evidence suggesting that Hilbert considered Bruce's protected activity in the selection process raises a genuine dispute of material fact as to whether the element of causation has been established in this case.

Because the district court found that Bruce had failed to establish the causal-link element of his prima facie case for retaliation, it did not address the remaining elements of this claim. We decline to do so in the first instance, and we therefore remand the case for further consideration by the district court consistent with this

6

disposition. *See Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000).

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**